*M. M. Milford*, for appellant.

*J. E. McDonald, A. L. Roache* and *D. Sheeks*, for appellee.

---

## WATT v. ALVORD.

RECORD.—APPEAL.—Where an appeal is taken in term, the statute provides what shall compose the transcript. The parties may bring up less, if they agree to do so, but they cannot require the court to act upon it.

SAME.—Under section 558 of the code, the appellant may bring up on appeal such parts of the record as he chooses, but the Supreme Court will not act upon less than is necessary to enable it to determine whether there was available error.

APPEAL from the *Wayne* Circuit Court.

FRAZER, J.—The paper before us, intended to answer the purposes of a transcript of the record of the court below, is certified to be a transcript only " of all papers filed and proceedings had in the above entitled cause, ordered to be in-

serted by the defendant's attorney." It shows no proceedings prior to *January* 20, 1865. A *certiorari,* issued at the instance of the appellee, brings an answer by one of the defendants to the complaint, filed as early as *February,* 1862, and nothing more. The law directs what shall compose the transcript brought to this court on an appeal taken, as this was, in term. 2 G. & H., §§ 555, 559, p. 271. The parties may bring less if they agree, but they cannot require this court to act upon it. By section 558 of the code, the appellant may bring such parts of the record as he chooses, but this court would be trifling were it to act upon less than is necessary to enable it to determine whether there was available error. In the case before us, it is utterly impossible to determine intelligibly the questions sought to be presented upon this paper. *Vanliew* v. *The State,* 10 Ind. 384.

The appeal is dismissed, at appellant's costs.

*C. H. Burchenal,* for appellant.

*J. Yaryan,* for appellee.