Reid *et al. v.* Houston.

———————•———————

## Reid et al. *v.* Houston.

Supreme Court.—*Certificate of Clerk to Transcript.*—The certificate of the clerk to a transcript, on appeal to the Supreme Court, which only certifies that the transcript contains a true and correct copy of the judgment and decree, is insufficient.

From the Fayette Circuit Court.

*W. Morrow, N. Trusler,* and *J. M. Wilson,* for appellants. *J. C. McIntosh,* for appellee.

BUSKIRK, C. J.—The appellee has moved to dismiss this appeal for want of a sufficient certificate to the transcript, and this motion is insisted upon in the brief of counsel. The certificate is as follows:

"State of Indiana, Fayette County, ss:

"I, Gilbert Trusler, clerk of the Fayette Circuit Court, within and for said county, do hereby certify the above and foregoing to be a true and correct copy of the judgment and decree of said court in the above entitled cause, as the same appears of record on file in my office.

"Witness my name and the seal of said court, at Connersville, this 12th day of February, 1874.

[Seal.]                    "GILBERT TRUSLER, Clerk."

It will be observed that the clerk only attempts to certify that the transcript contains a true and correct copy of the judgment and decree. Sections 558 and 559 of the code have definitely settled what shall constitute the transcript on appeal to this court. The form of the certificate is prescribed by section 4 of the act in relation to clerks of the circuit court, 2 G. & H. 12, which reads:

"In all cases where a complete record is dispensed with, the production of the papers and entries relating thereto, and all transcripts thereof, certified and attested with the seal of such court, as complete copies of all the papers and entries of such cause, shall have the same force in evidence as a transcript of a complete record thereof."

The form of the certificate should be, omitting the formal parts, that the above and foregoing contains complete copies of all the papers and entries in said cause. This is simple, easy to be remembered, and conforms to the language of the statute. The rulings in *Smith* v. *Jeffries*, 25 Ind. 376, *Tull* v. *David*, 27 Ind. 377, *Weston* v. *Lumley*, 33 Ind. 486, and *Wiseman* v. *Lynn*, 39 Ind. 250, were not made in reference to transcripts on appeal to this court.

We look to the certificate of the clerk to ascertain what is properly in the transcript, and when attested with the seal of the court, it is treated by us as valid and authentic. *Hinton* v.

*Brown*, 1 Blackf. 429; *Vanliew* v. *The State*, 10 Ind. 384; *Watt* v. *Alvord*, 27 Ind. 495; *Sanford* v. *Sinton*, 34 Ind. 539; *Brunt* v. *The State*, 36 Ind. 330; *Kemp* v. *Willson*, 39 Ind. 456.

The above form of certificate is proper, when the transcript is a complete copy of all the papers and entries in the cause, but will not answer when only a part of the record is brought up. It is provided by section 558 of the code, 2 G. & H. 273, that, "upon the request of the appellant, or upon being served with notice as aforesaid, and in either case upon the payment of the proper fee, the clerk shall forthwith make out and deliver to the party, at his request, or transmit to the clerk of the Supreme Court a transcript of the record in the cause, or so much thereof as the appellant in writing directs, certified and sealed, to which shall be appended the written directions of the appellant above contemplated, if any."

If no special directions are given in writing by appellant, then the clerk should make out a complete record in the cause. If special directions are given in writing, then the clerk should make out such portions of the record as he may be directed to do, to which he should attach the written directions. In such case, the clerk in his certificate should specify what parts of the record he has copied.

Section 347 of the code, 2 G. & H. 210, provides for taking a reserved question to the Supreme Court, and in such case the certificate must be specific and limited, according to the facts.

The code provides for a transcript of the record. Consequently, the clerk is not authorized to send to the Supreme Court an original paper. *Goodwine* v. *Crane*, 41 Ind. 335. But the act of March 7th, 1873 (Acts 1873, p. 194), provides for the appointment, in certain cases, of an official reporter to take down the evidence in a cause; and such act further provides that the long-hand manuscript of the evidence shall be filed with the clerk; that in case of appeal to the Supreme or superior court in general term, it shall be the duty of the clerk, when so required, to certify such original manuscript of evidence, when the same shall have been incorporated in a bill of

exceptions, instead of a transcript thereof. In such case, the certificate of the clerk should show that the long-hand manuscript embodied in a bill of exceptions was filed in his office, giving the date of such filing, and that the one certified was the identical one filed.

The certificate attached to the transcript in the present case is wholly defective.

The appeal is dismissed, at the costs of the appellant.