## COMMONWEALTH v. J. CHARLES DICKEN.

APPEAL BY DEFENDANT FROM THE COURT OF QUARTER SESSIONS OF WESTMORELAND COUNTY.

Argued October 8, 1891—Decided November 9, 1891.

On an indictment for a public nuisance, in maintaining a fence upon a public highway, the defence that the highway, as actually opened and traveled, was not upon the location made by the report of the viewers confirmed by the Court of Quarter Sessions, and that by such report the fence was upon defendant's own land, is inadmissible.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 127 October Term 1891, Sup. Ct.; court below, No. 54 February Term 1891, Q. S.

On February 5, 1891, the grand jury returned as a true bill an indictment charging J. Charles Dicken with maintaining a public nuisance. The defendant pleaded not guilty.

At the trial, on February 6, 1891, the commonwealth introduced testimony tending to show that in 1890, the defendant erected a fence and afterwards maintained the same, within the lines of a public highway leading from Greensburg to Latrobe. It was made to appear that, to No. 8 November Term 1875, Q. S., proceedings were had to change or straighten the highway in controversy; that, though the report of the viewers in favor of the change was confirmed, and an order to open issued and executed, yet the width of the road as changed had never been fixed.

The defendant testified that his wife was the owner of the farm, and as such had erected and maintained the fence; and proposed to state, further, that "when the viewers came upon the ground to vacate, alter, and change the public road, in 1875, under the order of court issued to them for that purpose, in my presence, my father, Jesse Dicken, the owner of the tract of land upon one side, agreed to release ten feet of his ground and did release ten feet; to be followed by evidence showing that the road was laid out and opened in conformity therewith,

by the building of line fences upon each side by the owners of the respective properties, designating the width of the road, to wit, thirty feet."

Objected to, for the reasons: (1) that the viewers had no power to fix the width of the road; (2) because they did not fix the width of the road; (3) because the court never fixed the width of this road, and it could not be fixed by agreement of the landowners on either side. The court having failed in the order of confirmation to fix the width of the road, the order of confirmation was a nullity, and the road never could be opened because no width was ever fixed. It is further objected to, because, if the question be competent at all, the record itself is the best evidence; parol testimony of the witness is incompetent.

By the court: Objection sustained.[1]

At the close of the testimony, RAYBURN, P. J. 33d district, instructed the jury, answering certain points presented as follows:

In behalf of the commonwealth, the court is respectfully asked to charge the jury as follows:

1. That the width of a road is an essential ingredient of it, and no proceeding to lay out a public road is complete, until the width is fixed by a competent tribunal. The record at No. 8 November Term 1875, shows that the width of this road was never fixed by the court; therefore, the proceeding was nugatory, it never having been completed.

Answer: This point is affirmed.

2. It being the undisputed testimony that an order to open that road issued and went into the hands of George Bridge, the then supervisor, his act concludes the public as to the location of the road; the evidence showing that he executed it according to his understanding of it. There was no right in Mr. Dicken or anybody else to take a private surveyor and undertake to locate that road according to the report of the viewers, and set his fence out accordingly.

Answer: This point we affirm.

3. If there is any obstruction of the traveled road between the Gallaher line and the western boundary of the Dicken farm, by reason of this new fence erected along the Dicken land, then the defendant is guilty and ought to be convicted.

Opinion of the Court.

Answer: This point we affirm, if you find as a fact that this fence was constructed by Mr. Dicken or at his instance or request, and that the fence is an encroachment upon the road.[2]

4. If the jury believe that the fence in question was built out upon the public road, it was an offence to build it there; and if you further find that the defendant, J. Charles Dicken, counseled, advised, and assisted in the erection of this fence, then he would be equally guilty with those who actually built it, and he ought to be convicted.

Answer: This point we affirm.

In behalf of the defendant the court is respectfully asked to charge the jury as follows:

9. That if the jury believe that the fence does not encroach upon the road as designated by the view and report at No. 8 November Term 1875, in the Quarter Sessions of Westmoreland county, he cannot be convicted, nor if they have any reasonable doubt of the same.

Answer: This point we refuse.[3]

10. That if the jury believe that the fence does encroach upon the traveled road, yet if the parties erecting the fence acted in good faith, and put the fence as they believed on the line between the Dicken property and the road, defendant cannot be convicted, even although they may find defendant aided and assisted in the erection of the same, having the same belief.

Answer: This point we refuse.

—The jury returned a verdict that the defendant was guilty. A rule for a new trial having been discharged and sentence passed, the defendant took this appeal (allowed by Mr. Chief Justice PAXSON), and assigned for error:

1. The refusal of the defendant's offer.[1]

2. The answer to the commonwealth's point.[2]

3. The answer to the defendant's point.[3]

*Mr. Denna C. Ogden* (with him *Mr. W. D. Moore, Mr. Eicher* and *Mr. Byers*), for the appellant.

*Mr. John B. Head* (with him *Mr. Jas. S. Moorhead* and *Mr. G. D. Albert*), for the Commonwealth.

PER CURIAM:

The appellant was indicted and convicted in the court be-

low, for maintaining a nuisance by the obstruction of a public highway.  He erected a fence upon what the jury have found to be a part of the public highway.  That he did so upon the honest belief that the fence was upon his own ground, is very clear.  The trouble probably arises from the fact that the road on the ground, the visibly traveled road, does not conform in all respects to the road as shown upon the plan as returned by the jury appointed to straighten it.  His contention may be true, that the supervisor has not followed the plan accurately, and that the road ought to be somewhere else.  But we cannot decide such a question in this proceeding.  If it was not properly located, there is an orderly way to have any such error corrected.  But the traveled road, as laid out by the township authorities, cannot be interfered with by placing an obstruction thereon.  The inconveniences to the public by permitting such a course are obvious.  We therefore think the learned judge below was right in rejecting the testimony referred to in the first specification.  It would not have thrown any light upon the case.  The question was one of the obstruction of the traveled road.  We think the commonwealth's third point was properly affirmed, and the defendant's ninth point was properly rejected.

Judgment affirmed.