LEACH ET AL. *v.* MATTIX, ADMINISTRATRIX.

[No. 18,267. Filed December 14, 1897.]

APPEAL.—*Record.—Certification of Original Document.*—In the absence of statutory authority an original paper or document cannot be certified to the Supreme Court, so as to become a part of the record. *p. 148.*

SAME.—*Incorporation of Evidence in Record.—Instructions.—Statute Construed.*—Under the act of March 8, 1897, providing that the original bill of exceptions embracing the evidence may, on appeal, be certified as a part of the record, it is improper to incorporate the instructions, as the statute applies only to the evidence and its incidents. *pp. 147, 148.*

From the Tipton Circuit Court. *Affirmed.*

*D. Waugh, J. P. Kemp, J. N. Waugh, J. C. Blacklidge* and *C. C. Shirley,* for appellants.

*B. C. Moon* and *C. Wolf,* for appellee.

McCABE, J.—The appellee, as administratrix of James Mattix, sued the appellants, John M. Leach, William H. Sumption and Charles H. Leach, on a promissory note dated April 2, 1877. On the issues as they stood in the first trial judgment was rendered for the defendants, the present appellants. On appeal to the Appellate Court that judgment was reversed and the cause remanded to the trial court. *Mattix, Admx., v. Leach,* 16 Ind. App. 112.

New issues were made in the case when it went back to the trial court. John M. Leach was the principal in the note, and the other defendants were his sureties. He had been discharged in bankruptcy. And after his discharge he had entered into a contract with the payee of the note to purchase it for $350.00 to be paid in property. A part of the property was delivered to the payee, consisting of a house and some ice. Before he had completed the delivery of quite all the ice, the payee claimed that he had lost the note, but promised

he would find it, and deliver it upon the completion of the delivery of the ice. No more ice was delivered for many years, when the payee found the note. Thereupon, the principal in the note tendered in money $50.00, which was more than the value of the undelivered ice, and demanded the completion of the contract of sale of the note; but the payee repudiated the contract of sale and demanded payment of the amount due on the note after deducting the amount he had received. At the time the contract for the sale of the note was made, the sureties were insolvent, but when the refusal to carry out the terms of the contract took place they were probably solvent. So, also, was the principal, John M. Leach. These facts and others had been pleaded before only by way of answer. Among the facts involved in the issues at the last trial was the allegation that the bankrupt had revived his obligation by a new promise to pay the debt. The last trial resulted in a verdict and judgment against the defendants over their motion for a new trial. The ruling denying such motion is called in question by the assignment of errors. The only error complained of under that motion is the giving of three instructions.

We are met at this point by an objection from the appellee's counsel to the consideration of those instructions because, as is claimed, they have not been made a part of the record. The longhand manuscript of the evidence and all the instructions given, as well as those refused, are incorporated in one and the same bill of exceptions, and that original bill of exceptions is certified in the transcript, and no part of it has been transcribed by the clerk. Appellee's contention is that there is no legal authority to certify up to this court an original bill of exceptions so as to make it a part of the record where such bill incorporates other matters than the evidence and its incidents. The

above stated condition of the bill of exceptions is not denied by the learned counsel for the appellants. We think the contention of the appellees must prevail.

It has been held by this court that in the absence of statutory authority an original paper or document cannot be certified to this court so as to become a part of the record. *Goodwine* v. *Crane*, 41 Ind. 335; *Reid* v. *Houston*, 49 Ind. 181-183. But our statute on longhand manuscripts has been construed to authorize an original bill of exceptions to be incorporated in the transcript on appeal to this court, so as to make it a part of the record, only when the bill of exceptions incorporates nothing else than the longhand manuscript of the evidence. *McCoy* v. *Able*, 131 Ind. 417. This court in that case, on pages 422-3, said: "But the rule we declare does not have, and cannot be made to have, any application to any other bills of exceptions except such as are prepared for the purpose of bringing into the record the longhand manuscript of the official reporter and its necessary incidents. All other bills of exceptions must be copied by the clerk. Nor can the rule apply to a bill of exceptions wherein other matters than the longhand report and matters legitimately connected therewith are sought to be brought into the record. In order to come within the rule stated, the bill of exceptions must be confined to the single office of exhibiting the report of the evidence and the matters directly and properly pertaining thereto."

The legislature did not make the act, approved March 8, 1897, to cover bills of exceptions containing other matters than those embracing the evidence and its incidents. That was an attempt to simplify the method of getting the evidence and its incidents incorporated in a bill of exceptions into the record. Acts 1897, p. 244. *Weakley* v. *Wolf*, 148 Ind. 208.

The instructions not having been made a part of the record, the questions sought to be raised on them are not before us.

The judgment is affirmed.