City of Michigan City v. Phillips.

CITY OF MICHIGAN CITY v. PHILLIPS, BY NEXT FRIEND.

[No. 20,375. Filed June 10, 1904. Rehearing denied October 28, 1904.]

APPEAL AND ERROR.—*From Appellate Court.—Questions Presented for Review.*—Where an appeal is taken from a division of the Appellate Court, the errors assigned for review in such division are properly presented for the decision of the Supreme Court. *p. 450.*

SAME.—*Instructions.—How Made Part of Record.*—Where the instructions are made part of the record under §542 Burns 1901, it must affirmatively appear that they were severally signed by the trial judge. *p. 452.*

VOL. 163—29

APPEAL AND ERROR.—*Instructions.*—Instructions given and refused can not be made a part of the record on appeal by being incorporated into the original bill of exceptions containing the evidence and certified up as a part of such bill. *p. 453.*

MUNICIPAL CORPORATIONS.—*Streets.—Duty to Keep Safe.*—Where the evidence shows that plaintiff, in the exercise of ordinary care, attempted to walk over a plank sidewalk; that the sidewalk was in bad repair and rotten and had been patched; that by using ordinary care such city could have discovered such defects, and that by reason of such condition of such sidewalk plaintiff was injured, a verdict for plaintiff is proper. *p. 454.*

TRIAL.—*Jury.—Filling Regular Panel.*—A motion to reject a juror for cause on the ground that he has sat on a jury within a year in such court is properly overruled where all of the members drawn on the regular panel could not serve and the court had ordered such challenged juror to sit as a member of the regular panel, since such matter is properly in the discretion of the trial court. *pp. 454, 455.*

DAMAGES.—*Excessive.*—Where plaintiff, a girl eighteen years old, fell through a plank sidewalk, bruising and spraining her leg and arm, causing a tumor in the abdomen, which had to be removed by a difficult surgical operation, rendering a physician's care a constant necessity, and impairing her health generally and permanently, so that she is unable to work or sleep well, and is very nervous, a verdict for $9,000 is not excessive, her expectancy being forty-two years and being able to earn at the time of the injuries $10 per week. *p. 455.*

From St. Joseph Circuit Court; *W. A. Funk,* Judge.

Action by Agnes M. Phillips, by her next friend, against the city of Michigan City for damages for personal injuries. From a judgment of the Appellate Court affirming a judgment for the plaintiff, the defendant appeals to this court under subdivision 3, §1337j Burns 1901. *Affirmed.*

*C. R. & J. B. Collins* and *J. G. Williams,* for appellant.
*W. W. Pepple* and *J. F. Gallaher,* for appellee.

JORDAN, C. J.—Appellant in this appeal has assigned as error that the first division of the Appellate Court erred in affirming the judgment of the St. Joseph Circuit Court. This assignment brings the alleged errors assigned for reversal in the Appellate Court before us for review in like manner as in cases originally appealed to the Supreme Court.

The appellee Agnes Phillips, a minor, by her next friend, instituted this action against appellant in the Laporte Circuit Court to recover damages for personal injuries sustained by her on the 8th day of September, 1899, by reason of her falling through a defective sidewalk, which, as alleged, was negligently maintained by appellant city. At the time of the accident it appears that appellee was a young woman about eighteen years of age, and the plank sidewalk in controversy was situated on the east side of Franklin street, one of the principal public streets of the city of Michigan City. This walk extended from the property line to the curb line of the street, and was about fourteen feet wide, and underneath there was a hole or excavation to the full width of the walk. Appellee in passing over this walk, and while in the exercise of due care, stepped upon one of the boards, and by reason of its being in a rotten or decayed condition it broke, and her left foot and leg went down through the walk into the hole or excavation below, up to the hip, by reason of which she was seriously injured.

The complaint is in two paragraphs, and appellant's answer is the general denial. The cause was venued to the St. Joseph Circuit Court, in which a trial by jury resulted in a finding in favor of appellee, awarding her damages in the sum of $9,000. Along with the general verdict the jury returned answers to numerous interrogatories. Over appellant's motion for judgment in its favor on these answers, and also over its motion for a new trial, the court rendered judgment on the verdict.

Two principal errors are relied upon by appellant for a reversal of the judgment of the lower court: (1) Denying its motion for judgment upon the answers to the interrogatories; (2) overruling its motion for a new trial.

An inspection of the special findings of the jury upon the interrogatories fully discloses that the court was justified in denying appellant's motion for judgment thereon.

The answers returned by the jury to the interrogatories, when considered as a whole, are in harmony with and support the general verdict.

Under the second alleged error, overruling the motion for a new trial, appellant's counsel criticise and object to numerous instructions given by the court, and also to the rulings of the court in refusing to give certain instructions as requested. We are, however, confronted with the insistence of appellee's counsel that the instructions given by the court have not been properly made a part of the record, for the reason that they do not appear to have been signed by the trial judge, as required by clause six of §542 Burns 1901.

Appellant attempted to employ two methods for presenting for review on appeal the instructions given and refused by the court: (1) Under §544 Burns 1901, which provides that the memorandum therein prescribed shall be written on the margin or at the close of each instruction; (2) by incorporating the instructions in question into the original bill of exceptions which embraces the longhand manuscript of the evidence. That the instructions have not been made a part of the record under the statutory method, for the reason that there is nothing whatever in the record to disclose that they were signed by the trial judge as required by clause six of §542, *supra,* is evident. It has been settled by many decisions of this court that in order to make instructions given by the court upon the trial of a civil cause a part of the record without a bill of exceptions or order of court, they must be excepted to as prescribed by §544, *supra,* and in addition thereto it must affirmatively appear from the record that they were signed by the trial judge, and filed as required by clause six of §542, *supra. Landwerlen* v. *Wheeler* (1886), 106 Ind. 523, and cases cited; *Silver* v. *Parr* (1888), 115 Ind. 113; *Van Sickle* v. *Belknap* (1891), 129 Ind. 558;

*Butler* v. *Roberts* (1889), 118 Ind. 481; *City of Indianapolis* v. *Mitchell* (1901), 27 Ind. App. 589.

As the instructions given by the court are not shown to have been signed by the judge as required by the statute, we are compelled to hold, under the rule asserted and enforced by the above decisions, that they have not been made a part of the record under the method provided by the statute. The fact that the instructions given and refused have been incorporated into the original bill of exceptions containing the longhand manuscript of the evidence, which bill has been certified up under the provisions of the statute of 1897, does not serve to make them a part of the record. This is a well-settled proposition. *Carlson* v. *State* (1896), 145 Ind. 650; *Leach* v. *Mattix* (1897), 149 Ind. 146; *Adams* v. *State* (1901), 156 Ind. 596.

As the instructions given by the court are not before us for the reasons stated, therefore, appellant's complaint that the court erred in refusing to give at its request certain other instructions is of no avail, for, under the circumstances, we must indulge all reasonable presumptions in favor of the trial court in its refusal to give the instructions requested by appellant. *City of New Albany* v. *McCulloch* (1891), 127 Ind. 500; *Wilson* v. *Johnson* (1896), 145 Ind. 40; *Conner* v. *Citizens St. R. Co.* (1896), 146 Ind. 430; *City of Indianapolis* v. *Mitchell, supra.*

The evidence in the record clearly proves that appellant, in maintaining the sidewalk where appellee was injured in its decayed and unsafe condition, was guilty of negligence, and that her right of action for the injuries which she sustained was fully established. Appellant's contention that the evidence shows contributory negligence on her part at the time of the accident has no foundation, and is wholly without merit. That appellant city had notice or knowledge of the unsafe condition of the sidewalk for a long time prior to the accident is expressly

found by the jury in their special findings, and is fully sustained by the evidence. The sidewalk had been built and maintained for over twelve years. It appears to have been in a rotten and decayed condition at the place where the accident occurred for a year and over prior thereto. It had been "patched up," as witnesses testified, with pieces of tin, although it had the appearance of being safe for travelers to pass over. It certainly was the duty of appellant to maintain its sidewalks in a reasonably safe condition for travel thereover, and it was incumbent upon it to exercise reasonable care and diligence to ascertain whether the walk in question was safe for that purpose. Had appellant, during the time that the walk is shown to have been unsafe, exercised ordinary care or vigilance, it certainly could have discovered its unsafe condition. Hence, under these circumstances, the law will impute to it knowledge in respect to the walk which it might have obtained by the exercise of such care or vigilance.

It is claimed by counsel for appellant that the record is impressed with numerous errors committed by the trial court in admitting and rejecting evidence. The rulings of the court out of which it is asserted these errors arise are merely stated by counsel for appellant, and no argument is advanced to show that they were in any manner prejudicial, consequently such alleged errors must, under the rules of this court, be deemed to have been waived and will not be considered. In fact, the Appellate Court in its opinion entirely ignored these questions, and appellant apparently did not consider this action of the court of any importance, for neither in its petition for a rehearing, nor in the brief filed in support thereof, is any reference made to the court's omission to consider such questions.

It appears that prior to the impaneling of the jury to try the case at bar, two vacancies had occurred in the regular panel of petit jurors selected for that term of court. Under the order of the court the sheriff called two by-

standers to fill the vacancies, and the court ordered that these should constitute a part of the regular panel for the remainder of the term. After these jurors had been made members of the regular panel, but before the trial of. the case at bar, it appeared they had served at that term in the trial of other causes. Under these circumstances appellant claimed the right to challenge them under §1451 Burns 1901, upon the ground that they had served as jurors within a year. This right as claimed by appellant, the court denied. Counsel contend that the court had no authority to constitute these jurors a part of the regular panel, as it did, hence it is insisted that they were not members of the regular panel, and were therefore subject to be challenged for having served as jurors within the year. It has been held by this court, and properly so, that the manner of filling vacancies occurring in the regular panel of a petit jury is within the discretion of the court. *Deig* v. *Morehead* (1887), 110 Ind. 451; *Heyl* v. *State* (1887), 109 Ind. 589; *Keyes* v. *State* (1889), 122 Ind. 527. The jurors in question under the circumstances were properly members of the regular panel, and serving as such during the same term the case at bar was tried did not render them subject to be challenged under the provisions of §1451, *supra*. *City of Goshen* v. *England* (1889), 119 Ind. 368, 5 L. R. A. 253.

It is insisted by counsel for appellant that the damages are excessive. This contention at first blush might appear to be true, but when the facts in the case bearing upon this feature are considered, we would not be justified in disturbing the judgment on the ground of excessive damages. The evidence discloses that appellee was very seriously injured, and that her injuries in all probability will be permanent. As previously stated, she, at the time of the accident was about eighteen years old. She weighed about 145 pounds, and was strong and healthy, and had had no occasion for the services of a physician for about

twelve years. She had taken music lessons and could play upon the piano, and had learned the trade of a tailor, and was at the time of the accident earning $10 per week. She was injured, as previously shown, on September 8, 1899, by the breaking of a rotten board in the sidewalk in question, thereby causing her left foot to pass down into the hole beneath the walk. By the fall her right leg was stretched at right angles to the body, and her leg and side were bruised and strained and her right arm sprained. After the accident she was carried into a store, and soon thereafter she was conveyed to her home in a carriage, and suffered much pain. She was immediately placed under the care and treatment of a physician, and continued to suffer great pain from her injuries. These pains appear to have been in the main in her right arm and in the region of the abdomen. It is disclosed that the injuries which she received aggravated and increased some uterine or female disease with which she was afflicted, and her suffering so increased that in November, 1899, it became necessary to take her to a hospital in Chicago, where in a few days a surgical operation was performed, and a tumor about the size of a cocoanut was removed from a cavity in the abdomen. She was confined to her bed in the hospital after this operation for fourteen weeks, and as a result of her injury her health has been greatly impaired. She is shown to be nervous and weak, and does not sleep well, and her muscular system is so affected that she is unable to perform work. She has not sufficient control of her hands to play on the piano, or to handle dishes, or even to button her own gloves. She is lame in her legs, and in walking, as testified to, she "drags one foot after the other." Physicians testified in the case that her serious condition and the pains with which she still suffers were due to the injuries which she sustained by the accident. At the time of the trial it is shown that her expectancy of life was forty-two years.

This court, in *Illinois Cent. R. Co. v. Cheek* (1899), 152 Ind. 663, in considering the question of excessive damages, on page 678, said: "No precise rule can be laid down for the award of compensation in cases of this kind, where the injury sustained is permanent, and will entail constant suffering upon the injured party. The mere fact that the damages may appear to this court on appeal to be excessive will not alone justify it in disturbing the judgment, unless the assessment is so large as to induce the belief that the jury was actuated by prejudice, partiality, or corruption."

There is no available error in the record, therefore the judgment of the Appellate Court is affirmed.