## CURLESS *v.* THE STATE OF INDIANA.

[No. 21,289. Filed February 16, 1909. Rehearing denied May 11, 1909.]

1. HIGHWAYS.—*On Section Lines Between Adjoining Owners.*—An order establishing a highway on the half-section line dividing the lands of two adjoining proprietors does not necessarily locate such highway upon the true half-section line, where such line does not constitute the boundary line between such proprietors. p. 259.

2. HIGHWAYS.—*Location.*—*Boundary Lines.*—Where an order was made locating a highway upon the half-section line dividing the lands of two adjoining proprietors, and the viewers laid out and located the highway along the partition fence dividing such lands, and each of such proprietors set his fence back the requisite distance, the supervisor constructing and opening such road for travel, one of such proprietors, upon ascertaining that the true half-section line was not on such dividing line has no right to set his fence within the boundary of such road as so established. p. 260.

3. ESTOPPEL.—*Conduct.*—*Acquiescence.*—*Highways.*—A party by acquiescing in a boundary line for twenty years, or by his conduct in fixing such line, may be estopped from asserting the true line. p. 260.

4. CRIMINAL LAW.—*Obstructing Highway.*—*Determining True Line of Highway.*—Where a highway is regularly opened for public travel and a person is prosecuted for the obstruction thereof, he cannot, as a defense, show that the road was not located upon the exact line called for by the order establishing such highway. pp. 260, 262.

5. HIGHWAYS.—*Wrong Location.*—*Remedy.*—Where a highway was laid out by the highway officers upon the wrong route, the remedy for an aggrieved person is to apply for a correction of the mistake. p. 261.

6. EVIDENCE.—*Official Survey.*—*Preliminary Proof.*—Before a pretended official survey and the record thereof can be admitted in evidence it is necessary to show that the statutory requirements as to notice to the interested parties were complied with. p. 262.

7. APPEAL.—*Criminal Law.*—*Bills of Exceptions.*—*Instructions.*—
In an appeal, in a criminal case, instructions contained in the
original bill of exceptions containing the evidence, constitute no
part thereof, and cannot be considered for any purpose. pp. 262,
263, 267.

8. APPEAL.—*Certifying Original Records.*—*Statutes.*—Without ex-
press statutory warrant, the clerk of a subordinate court has no
right to certify, for use on appeal, any original record or paper.
pp. 263, 268.

9. APPEAL.— *Bills of Exceptions.*— *Original.*— *Precipe.*— *Criminal
Law.*—On an appeal in a criminal case, the precipe, under §657
Burns 1908, Acts 1897, p. 244, was required to call for the certi-
fying of an original bill of exceptions containing the evidence or
an original bill contained in the transcript could not be con-
sidered, §667 Burns 1908, Acts 1903, p. 338, §7, providing that
such original bill whether called for by precipe, or otherwise,
shall be considered, applying only to civil procedure; but, under
§2165 Burns 1908, Acts 1905, pp. 584, 648, §289, an original bill
contained in the transcript must be considered, whether the orig-
inal or merely a transcript thereof is called for by the precipe.
p. 266.

From Howard Circuit Court; *J. F. Elliott,* Judge.

Prosecution by The State of Indiana against John F. Cur-
less. From a judgment of conviction, defendant appeals.
*Affirmed.*

*Harness, Moon & Voorhis,* for appellant.

*James Bingham,* Attorney-General, *E. M. White, W. H.
Thompson, A. G. Cavins* and *Blacklidge, Wolf & Barnes,* for
the State.

MONKS, J.—Appellant was convicted on a charge of main-
taining a public nuisance by the obstruction of a public
highway.

The only error assigned is that the court erred in overrul-
ing appellant's motion for a new trial.

It appears from the record that in 1903 appellant and
others filed a petition before the Board of Commissioners
of the County of Howard to vacate a public highway running
across the land of appellant, and establish the same on the
half-section line dividing his land and the land of one Downs.
Such proceedings were had that said old highway was va-

cated, and a highway thirty feet wide established, one-half on each side of said half-section line. At the time said highway was established, there was, and had been for more than ten years, a partition fence dividing said land of appellant from the land of said Downs. In executing the order establishing said highway, the highway officer assumed that said partition fence was on said half-section line, and opened said highway thirty feet wide, fifteen feet on each side of said line, as shown by said fence, and appellant and Downs each set his fence on his own land back at least fifteen feet from said partition fence, as required by said order. Appellant was present when his employes set his fence back. After the fences were set back, the road supervisor, in the fall of 1904, cut down some banks, blew out stumps, filled up the holes in said highway, and did some other work to make the road passable for travel, and the same was opened for travel and used by the public. In 1907 appellant built a fence which encroached upon the highway seven or eight feet on the south side, and crossed the side ditch made by said officer in the highway on the south side thereof. This is the obstruction of the public highway alleged in the affidavit in this case.

Appellant's defense, as stated by his counsel, was "that the highway was not opened on the line where the same was established; that if said highway had been opened on the half-section line where established said fence would not encroach upon or be within the limits of the highway; that therefore appellant was not guilty of obstructing said highway."

It does not follow from the order establishing said highway that the same was laid out by the viewers and established by the board of county commissioners on the half-section line, if the same was not the line dividing the lands of appellant from the lands of Downs. Section 6743 Burns 1901, Acts 1899, p. 116, provides "that where the road is laid out upon the line dividing the lands of two individuals, each shall give one-half of the road."

The petition, report of the viewers, and the procedings and entries in said cause, when read in the light of the statute, the location of said partition fence, and the other cir-

2.  cumstances of the case, show that the viewers laid out and located said highway on the line dividing the land of appellant from the land of Downs, whether the same was on the half-section line or not.

It is settled that parties, by acquiescing in boundary lines for twenty years, or by conduct fixing such lines, may be estopped from averring that they are not the true

3.  lines. *Cleveland* v. *Obenchain* (1886), 107 Ind. 591, 592, and cases cited; *Wingler* v. *Simpson* (1884), 93 Ind. 201, 203, 204, and cases cited; *Brown* v. *Anderson* (1883), 90 Ind. 93, 99; *Main* v. *Killinger* (1883), 90 Ind. 165, 167, and cases cited. If by continuous adverse possession, or otherwise, said Downs had title to said land to the line marked by said partition fence, then there was no mis-take on the part of the road officer in opening said highway, one-half on each side of said line, without reference to where the true half-section line might be.

Whether said Downs has title to the land marked by said partition fence by twenty years' continuous adverse posses-sion or otherwise, and whether the same is the true

4.  half-section line, cannot be tried in this case. Persons, whose lands abut upon a public highway established, as the highway in this case was, by a proceeding brought for that purpose, after the highway is opened under such order by the proper authority, and they have set back their fences, and the road as opened has been worked and used by the public, cannot successfully defend a charge of obstruct-ing the same, by showing that the highway was, by mistake or otherwise, not opened upon the proper line. *Holden* v. *Cole* (1845), 1 Pa. St. 303, 307; *Furniss* v. *Furniss* (1857), 29 Pa. St. 15; *McMurtrie* v. *Stewart* (1853), 21 Pa. St. 322, 325; *Van Buskirk* v. *Dawley* (1879), 91 Pa. St. 423, 427; *Morrow* v. *Commonwealth* (1864), 48 Pa. St. 305, 307, 308;

*Schuylkill County's Appeal* (1861), 38 Pa. St. 459, 463;
*Clark* v. *Commonwealth* (1859), 33 Pa. St. 112; *Commonwealth* v. *Dicken* (1891), 145 Pa. St. 453, 456, 22 Atl. 1043;
*Hancock* v. *Borough of Wyoming* (1892), 148 Pa. St. 635,
638, 24 Atl. 88; *Gray* v. *North Versailles Tp.* (1904), 208
Pa. St. 77, 79-81, 57 Atl. 190; *Commonwealth* v. *Jackson*
(1899), 10 Super. Ct. (Pa.) 524; *Commonwealth* v. *Plymouth Tp.* (1902), 19 Super. Ct. (Pa.) 408; *Bieber* v. *Kutztown Borough* (1905), 27 Super. Ct. (Pa.) 436, 441.

If appellant wished to make the question that by mistake
or otherwise the highway, as opened and worked by the highway officer and as used by the public, was not upon the proper line, he should pursue the proper legal remedy for the correction of the mistake, if any was made.
In *Commonwealth* v. *Dicken, supra,* where the defendant
was charged with obstructing a public highway, it was said in
the syllabus: "On an indictment for a public nuisance, in
maintaining a fence upon a public highway, the defense that
the highway, as actually opened and traveled, was not upon
the location made by the report of the viewers confirmed
by the court of quarter sessions, and that by such report the
fence was upon the defendant's own land, is inadmissible."
The court said on page 456: "The trouble probably arises
from the fact that the road on the ground, the visibly traveled road, does not conform in all respects to the road as
shown upon the plan as returned by the jury appointed to
straighten it. His contention may be true, that the supervisor had not followed the plan accurately, and that the road
ought to be somewhere else. But we cannot decide such a
question in this proceeding. If it was not properly located,
there is an orderly way to have any such error corrected.
But the traveled road, as laid out by the township authorities,
cannot be interfered with by placing an obstruction thereon.
The inconveniences to the public by permitting such a course
are obvious."

Appellant offered to prove by the county surveyor, "that

in 1905, after said highway was opened, and the public had used the same, he made a survey, locating said half-section line, and set proper corner-stones,'' and offered in evidence the record of said survey, and also offered to prove by another competent witness, ''that if said highway had been opened on the half-section line, as ascertained by said survey, said fence built by him would not be within the limits of said highway.'' The court excluded said evidence. Said survey was made at the request of appellant, and there was nothing to show, nor was there any offer to prove, that Downs, the adjoining land owner, had any notice of said survey, nor that he was present and consented to such survey, nor that he consented in writing thereto, as required by §§9512, 9513 Burns 1908, §§5950, 5951 R. S. 1881.

Said survey and the record thereof were not made as required by the statute, and did not bind Downs, the adjoining landowner, nor the public, and were properly excluded for this reason, if for no other.

Said evidence was also properly excluded because such a defense, as we have shown, was inadmissible in this case. *Hawkins* v. *Stanford* (1894), 138 Ind. 267, and *Phipps* v. *State* (1845), 7 Blackf. 512, cited by appellant, are not in point here.

Complaint is made by appellant of instructions given by the court, and of the refusal to give instructions requested by him.

The Attorney-General insists that no question concerning instructions given or refused is presented by the record, because they are incorporated in the original bill of exceptions containing the evidence, and that embracing such original bill of exceptions in the transcript, as was done in this case, does not make them a part of the record here. The contention of the Attorney-General is sustained by *Williams* v. *State* (1908), 170 Ind. 644.

Finding no available error, the judgment is affirmed.

## ON PETITION FOR REHEARING.

MONTGOMERY, J.—Appellant's counsel have presented an earnest argument urging a reconsideration of our holding in the original opinion, that instructions included in an original bill of exceptions containing the evidence, certified upon appeal, cannot be considered. In deference to this contention we deem it appropriate to elaborate the reasons which induced our conclusion.

A record for appeal, under our code, ordinarily consists of a copy or transcript of all papers, entries and proceedings in the cause in the lower court, or so much thereof as appellant in writing requests, duly certified and sealed. §§690, 691 Burns 1908, §§649, 650 R. S. 1881. This is the general rule, and any original paper, document or entry incorporated in the transcript will be disregarded, unless express statutory authority for embracing it can be found. The clerk of the court is made the custodian of its records and files, and he may not certify original papers for use on appeal, except where the legislature has seen fit to confer such special authority. *Reid* v. *Houston* (1874), 49 Ind. 181, 183.

The first innovation upon the rule requiring transcripts of all papers and proceedings was made by the act of March 7, 1873 (Acts 1873, p. 194), providing for the appointment of an official reporter to take down the evidence in a cause, and for the filing with the clerk of a longhand copy thereof, and authorizing such clerk, in case of an appeal to the Supreme Court, to certify the same without copying, when so required, after such long-hand manuscript had been incorporated in a proper bill of exceptions. The act of 1873 was substantially reënacted in 1881 (§1405 R. S. 1881). Under this statute it was held that the longhand manuscript copy of the evidence could not be certified by the clerk, unless it had been first incorporated in the bill of exceptions (*Galvin* v. *State, ex rel.*

[1877], 56 Ind. 51), but when so incorporated and filed it might be taken from the remaining parts of the bill of exceptions, certified, and made a part of the record on appeal to this court without being copied. *Hull* v. *Louth* (1887), 109 Ind. 315, 337. This decision required the formal parts of the bill of exceptions and all other papers and proceedings to be transcribed by the clerk. This rule was modified by a later case, in which the court said: ''A further contention of the appellees' counsel is that the clerk cannot certify to us the original bill of exceptions containing the reporter's longhand manuscript. We are referred to the case of *Hull* v. *Louth* [1887], 109 Ind. 315, where it was said that the longhand manuscript may be taken from the bill of exceptions and certified up, without copying, by the clerk. In our judgment the practice adopted in this case is preferable to that suggested in *Hull* v. *Louth, supra.* We adjudge the better rule to be this: Where a bill of exceptions upon a ruling denying a new trial is taken for the purpose of getting the stenographer's report of the evidence, with its incidents, into the record, the original bill may be certified up to this court as part of the record. All there is of such a bill, besides the report of the evidence, is composed of formal parts and brief recitals, so that little would be left to be copied if the report of the evidence were taken out. Confusion is avoided by sending up the bill without detaching the evidence, and only a very little matter outside of the report of the evidence comes up in its original condition. It is much more consistent with principle, and much safer to require the entire original bill to be certified, than it is to devolve upon the clerk the duty of determining what shall be left in and what taken out. * * * But the rule we declare does not have, and cannot be made to have, any application to any other bills of exceptions except such as are prepared for the purpose of bringing into the record the longhand manuscript of the official reporter and its necessary incidents. All other bills of exceptions must be copied

by the clerk. Nor can the rule apply to a bill of exceptions wherein other matters than the longhand report and matters legitimately connected therewith are sought to be brought into the record. In order to come within the rule stated, the bill of exceptions must be confined to the single office of exhibiting the report of the evidence and the matters directly and properly pertaining thereto." *McCoy* v. *Able* (1892), 131 Ind. 417, 422. The court subsequently held that an original bill of exceptions properly certified, which contained instructions given and refused and exceptions thereto, in addition to the longhand manuscript of the evidence, was not a proper part of the record, and could not be considered for any purpose. *Holt* v. *Rockhill* (1896), 143 Ind. 530.

It was said in *Hull* v. *Louth, supra,* that "where the longhand manuscript of the evidence is filed with and as a part of the bill of exceptions, that is a sufficient filing." This statement was, in effect, overruled by later cases, which declared that the filing of the longhand manuscript of the evidence must be antecedent to its incorporation and filing with the bill of exceptions. *Holt* v. *Rockhill, supra; DeHart* v. *Board, etc.* (1896), 143 Ind. 363; *Smith* v. *State* (1896), 145 Ind. 176; *Carlson* v. *State* (1896), 145 Ind. 650. Frequent failures first to file the manuscript of the evidence, and the difficulty of determining whether there had been two filings or one, and, if two, which was first in time, and also a question whether it was the right or duty of the reporter to include documentary evidence in his manuscript of the oral testimony, prompted the statute of March 8, 1897 (Acts 1897, p. 244, §657 Burns 1908). The substance of this act was explained in the case of *Adams* v. *State* (1901), 156 Ind. 596, 600, where it was said: "The taking down of the evidence and the noting of exceptions, under this latter act, is not limited to shorthand reporters to be appointed by the court, but such services may be performed by any one, and there is no requirement that the evidence shall be first filed

with the clerk before it can be incorporated into a bill of exceptions." See, also, *Weakley* v. *Wolf* (1897), 148 Ind. 208. It was also held that the rule as to the contents of the bill was not broadened, and that instructions given and refused, incorporated in the general bill of exceptions which was certified up on appeal without copying under this statute, formed no part of the record. *City of Michigan City* v. *Phillips* (1904), 163 Ind. 449; *Sharp* v. *State* (1903), 161 Ind. 288; *Baut* v. *Donly* (1903), 160 Ind. 670; *Andrysiak* v. *Satkoski* (1902), 159 Ind. 428; *Maynard* v. *Waidlich* (1901), 156 Ind. 562; *Adams* v. *State, supra; Leach* v. *Mattix* (1897), 149 Ind. 146, 148.

This act makes it the duty of the clerk of the trial court to embrace such original bill, instead of the copy thereof, in the transcript only when requested to do so by the party appealing. In taking appeals under this act, it frequently occurred that the original bill was certified without request, or the precipe called for a transcript, and the original bill of exceptions was certified, or *vice versa,* and the court held that the record must be made up in conformity with the requirements of the precipe. *Boos* v. *Lang* (1904), 163 Ind. 445; *Tomlinson* v. *Bainaka* (1904), 163 Ind. 112; *City of Alexandria* v. *Liebler* (1904), 162 Ind. 438; *Mankin* v. *Pennsylvania Co.* (1903), 160 Ind. 447; *Drewe* v. *Town of Geneva* (1902), 159 Ind. 364; *Berry* v. *Chicago, etc., R. Co.* (1902), 158 Ind. 668; *Marcy Mfg. Co.* v. *Flint & Walling Mfg. Co.* (1902), 158 Ind. 173; *Chestnut* v. *Southern Ind. R. Co.* (1901), 157 Ind. 509; *Johnson* v. *Johnson* (1901), 156 Ind. 592; *McCaslin* v. *Advance Mfg. Co.* (1900), 155 Ind. 298; *Brown* v. *Armfield* (1900), 155 Ind. 150.

The frequency of such errors in the preparation of records led to the passage of the act of 1903, "concerning proceedings in civil procedure." Section seven of that act (Acts 1903, p. 338, §667 Burns 1908) provides: "That in case an original bill of exceptions shall be incorporated into the

transcript of the record of any cause on appeal to the Supreme Court or the Appellate Court, such original bill of exceptions shall, in every case, constitute and be considered as a part of such transcript, the same as if copied therein by the clerk, whether such original bill or a copy thereof be specified in the precipe, or otherwise directed to be incorporated into such transcript." In construing this statute this court said in *Workman* v. *State, ex rel.* (1905), 165 Ind. 42, 51: "The evident purpose of section seven of the act of 1903 [§667, *supra*], with regard to the point under consideration, was to make the original bill of exceptions when embraced in and certified with the transcript on appeal a part of the record in all cases when by written precipe a party had requested the clerk below to certify either the original or a transcript thereof, and also when a party had requested, either orally or in writing, a complete transcript of the cause." Said act of 1903 applies only to civil procedure, and expressly provides that the act of 1897, *supra,* was not thereby repealed. This act manifestly had reference to bills of exceptions relating to the evidence and matters connected therewith, and did not purport to authorize the incorporation of any other matters in such original bills for use on appeal.

Section 289 of the act of 1905, "concerning public offenses" (Acts 1905, pp. 584, 648, §2165 Burns 1908), contains an exact copy of that part of the civil act of 1903, *supra,* before quoted; and the evident purpose of the statute was merely to make the original bill of exceptions containing the evidence and its incidents a part of the record on appeal, when certified up by the clerk upon request, without regard to the form of the precipe. All the preceding 7. litigation and legislation had related to but one bill of exceptions, and that the general bill containing the evidence and matters directly connected therewith. This document, with the introduction of shorthand reporters, frequently became of very great length, and the transcribing,

for the purposes of appeal, a needless expense, since its custody could be as safely and conveniently intrusted to the Clerk of the Supreme Court as to the clerk of the circuit court. The legislature, in its discretion, doubtless might authorize the certification of other bills of exceptions and original papers for use on appeal, but the same reasons, freed from likelihood of inconvenience, do not obtain. The act of 1897, *supra,* is still in force, and must be construed with the later acts upon the same subject. It points out the nature and character of the bill of exceptions which may be certified without copying, and it is the only statute which in terms makes it the duty of the clerk to take from the files, on request, and certify an original paper belonging to his office. It is true that a copy of any paper should not

8. import verity with more certainty than the original, but other considerations enter into the practice of removing from the proper custodian the papers and files of a cause, and the propriety of making such innovations must be found by the legislature, and not by the courts. The decisions of this court for thirty years distinctly marked and defined the limitations of the departure from the general rule which was authorized, and if the General Assembly deemed it proper to require clerks of circuit courts to certify to this court on appeal any original papers other than the one designated in the act of 1897, *supra,* it could and doubtless would have plainly so declared. We can find from no view of the subject any intention to require or authorize the certification by the clerk of any document or paper without copying, other than the bill of exceptions containing the evidence, with the rulings of the court as to the admission and rejection thereof and to the competency of witnesses, and objections and exceptions thereto. Any other matters contained in such original bill must, under the authorities, be treated as surplusage and be disregarded. *Marshall* v. *Matson* (1908), 171 Ind. 238; *Williams* v. *State* (1908), 170 Ind. 644; *Maynard* v. *Waidlich, supra; Town of Lewisville* v.

*Batson* (1902), 29 Ind. App. 21; *City of New Albany* v. *Lines* (1899), 21 Ind. App. 380.

We find no warrant to depart from the original holding, that the instructions in this case are not properly before us, and appellant's petition for a rehearing is overruled.