## SPURLOCK v. STATE OF INDIANA.

[No. 23,089.   Filed November 29, 1916.]

1. APPEAL.—*Record.*—*Certifying Original Bill of Exceptions.*—
While the statute requires that a copy of the bill of exceptions be
transcribed in the record on appeal, yet where the clerk of the court
embodies therein the original bill of exceptions as signed and settled
by the trial judge, and properly certifies to the same, it will be con-
sidered as part of the record on appeal and the questions presented
will be reviewed.   (*Reid* v. *Houston* [1874], 49 Ind. 181; *Leach* v.
*Mattix* [1897], 149 Ind. 146; *City of Michigan City* v. *Phillips* [1904],
163 Ind. 449; *Curless* v. *State* [1908], 172 Ind. 257; and *Campbell* v.
*State* [1912], 179 Ind. 240, overruled in part.)   p. 639.

2. JUDGES.—*Judge Pro Tem.*—*Authority to Act.*—*Objections.*—
Where, after the jury in a criminal cause had been instructed, a
judge *pro tem.* was regularly appointed to preside over the court,
and such judge received the jury's verdict without objection from
the defendant, his authority to act cannot be questioned by the
defendant for the first time after conviction.   p. 641.

3. JUDGES.—*Judge Pro Tem.*—*Authority of Regular Judge to Appoint.*
—In the trial of a cause in a court wherein one judge is provided
by law, the appointment of a judge *pro tem.* by the regular judge
to receive the jury's verdict during his absence is not open to the
objection that two judges were performing the judicial functions
of the court at the same time.   p. 642.

From Marion Criminal Court (44,877); *Harry C.
Hendrickson*, Judge *pro tem.*

Prosecution by the State of Indiana against
Robert Spurlock. From a judgment of conviction
the defendant appeals.   *Affirmed.*

*R. M. Coleman, Joseph R. Williams* and *Chalmer
Schlosser*, for appellant.

*Evan B. Stotsenburg*, Attorney-General, and *Omer
S. Jackson*, for the State.

LAIRY, J.—All questions except one presented by
the assignment of error are waived by the brief.
There is an attempt to bring this one question not
waived into the record by a special bill of exceptions,
and, unless this effort has been successful, no ques-
tion is presented.   The record does not contain a

copy of the bill of exceptions in question but it does contain the original bill as settled and signed by the judge of the trial court.

It has been held by this court that original papers cannot be properly embodied in a record on appeal unless such act is expressly authorized by statute, and that, where such original papers are so embodied without express statutory authority, they will not be considered on appeal as constituting a part of the record. *Curless* v. *State* (1908), 172 Ind. 257, 87 N. E. 129, 88 N. E. 339. We have a statute which, as construed by this court, authorized the clerk to embody in the record for appeal the original bill of exceptions containing the longhand report of the evidence and matters directly connected therewith, but the application of this statute has been limited so as to confine it to the single office of exhibiting the report of the evidence and matters directly and properly pertaining thereto, it being held that the rule does not apply to a bill of exceptions by which other matters are sought to be brought into the record. *Curless* v. *State*, *supra*. As early as the case of *Reid* v. *Houston* (1874), 49 Ind. 181, it was held that the clerk had no authority to certify an original paper in the absence of express statutory authority. In the case of *Leach* v. *Mattix* (1897), 149 Ind. 146, 48 N. E. 791, it was held that the original instructions embodied in the general bill of exceptions containing the evidence was improperly in the record and could not be considered on appeal. The rule thus announced has been consistently followed. *City of Michigan City* v. *Phillips* (1904), 163 Ind. 449, 71 N. E. 205; *Curless* v. *State*, *supra*, and cases cited; *Campbell* v. *State* (1912), 179 Ind. 240, 100 N. E. 755, and cases cited.

A copy of a bill of exceptions transcribed into a

record certainly could not import greater accuracy or verity than the original bill if bodily incorporated therein. While the statute requires that the clerk shall transcribe all original papers into the transcript in making the record for appeal, the fact that the clerk in disregard of the statute has embodied the original bill of exceptions in the record should not be regarded a sufficient reason for refusing to consider it as a part of the record in place of the copy required by the statute. In requiring a transcript of the proceedings to be used on appeal, there can be little doubt that the legislature contemplated that the original record and all papers filed in the court below should remain under its control and custody; but the refusal of a court of appeal to recognize an original bill of exceptions as constituting a part of the record when such original paper has been embodied therein on appeal, does not have the effect of preventing the removal of such paper, nor does it restore it to the files of the proper court. The purpose of a bill of exceptions is to save and present a question of law for decision on appeal which, without such bill, would not be presented by the record. There can be no doubt that this purpose is served as well by the original of such bill when incorporated into the record and properly certified as it could be by a certified copy. A party who seeks to present a ruling of a lower court for review by a court of appeals must show affirmatively by the record that the ruling in question was made over his objection, the nature of which must be shown, and that an exception was reserved. If the record as presented leaves the court in uncertainty the doubt will be resolved in favor of the ruling of the trial court. However, when an original bill of exceptions is embodied in the record and properly certified to by the clerk of the court in which it was

filed there can be no doubt as to its authenticity and it will be treated on appeal the same as though copied into the record. The cases heretofore cited and other cases announcing a contrary rule cannot be longer followed and they are to that extent overruled.

The original bill embodied in the record shows that on January 20, 1916, James A. Collins, judge of the Marion Criminal Court appointed in writing one Harry C. Hendrickson as judge *pro tem.* of such court for the 20th and 21st of January, 1916, for the reason, as stated, that said Collins would be absent, and that said Hendrickson took the oath prescribed by law as judge *pro tem.* of said court. The bill further shows that on January 20, 1916, the jury trying the case of *State of Indiana* v. *Robert Spurlock*, appellant, had retired to deliberate on its verdict; and that having agreed on their verdict, the jury was brought into open court and returned its verdict, which was received by said Harry C. Hendrickson presiding as judge *pro tem.* of said court.

From other parts of the record it appears that appellant entered his plea and was placed on his trial on January 20, 1916, before the Honorable James Collins, the regular judge of said court, who presided during the time that the evidence was introduced and gave the instructions to the jury and directed it to retire and deliberate under the charge of a sworn bailiff.

The bill of exceptions does not show that appellant or his attorney made any objection to the reception of the verdict by Hendrickson as judge *pro tem.* at the time he took the bench as such and received the verdict of the jury and no exception was taken at the time. There can be no doubt that Hendrickson

was regularly appointed and sworn as judge *pro tem.* and that he was assuming to exercise the functions of judge of the Marion Criminal Court at the time he received the verdict. Where a person, acting as judge, exercises the functions of a court under color of authority, a person who fails to question such authority at the proper time by objecting to its exercise cannot after conviction question such authority. *Schlungger* v. *State* (1888), 113 Ind. 295, 15 N. E. 269; *Smurr* v. *State* (1886), 105 Ind. 125, 4 N. E. 445; *Henning* v. *State* (1886), 106 Ind. 386, 6 N. E. 803, 7 N. E. 4, 55 Am. Rep. 756.

It is asserted by appellant that judicial power cannot be conferred even by agreement of parties and it is contended on that ground that no objection was necessary in order to raise such a question. The cases of *McClure* v. *State* (1881), 77 Ind. 287, and *Herbster* v. *State* (1881), 80 Ind. 484, are cited to sustain appellant's contention. These cases are not in point. In the first case an attorney, without having received any appointment as judge, received the verdict by consent of the parties to the case; and in the second an attorney tried a case by consent of the parties without any appointment from the court and without taking any oath as required by law. In those cases it was held that judicial powers could not be conferred by agreement; but in this case the power was conferred by appointment under authority of law and not by agreement.

Appellants urge upon the court the consideration of another question. It is claimed that the record shows that Judge Collins was present on January 20, 1916, exercising the functions of the judge of the Marion Criminal Court, and that on the same day Harry C. Hendrickson as judge *pro tem.* exercised judicial functions in the same court. It is asserted that the court in question

is a single court for which only one judge is provided by law and that it cannot be so organized as to permit two judges to perform judicial functions therein at the same time. It does not appear from the record that there was any attempt by two judges to perform the judicial functions of the court at the same time. On the contrary it appears that, before Judge Hendrickson took the bench as judge *pro tem.* the regularly elected judge had vacated the bench, presumably on account of enforced absence as shown by the certificate appointing the judge *pro tem*

No error is disclosed by the record. Judgment affirmed.

NOTE.—Reported in 114 N. E. 209. Validity of the acts of a *de facto* judge, note, 12 Ann. Cas. 208; 84 Am. Dec. 133. Waiver of objection to the jurisdiction of a special or substitute judge, 19 Ann. Cas. 94.