No. 14,508.

## FALVEY *v.* JACKSON ET AL.

BILL OF EXCEPTIONS.— *When Original May be Certified by Clerk.*—Where the bill of exceptions is taken solely for the purpose of incorporating the stenographer's report of the evidence in the record, the original may be certified to this court by the clerk. This is the rule only where the purpose is that specified.

EVIDENCE.—*Motion to Strike Out.— When not Seasonably Made.*—A motion to strike out evidence is not seasonably made when it was not offered until after the close of the evidence, and there was nothing explaining or excusing the delay.

From the Vigo Circuit Court.

*C. F. McNutt* and *J. G. McNutt*, for appellant.

*S. C. Stimson, R. B. Stimson* and *A. M. Higgins*, for appellees.

ELLIOTT, J.—The appellees' counsel insist that, as the clerk has certified the original bill of exceptions instead of making a transcript of it, we can not consider it as part of

Falvey v. Jackson et al.

the record. We can not assent to this view. The bill was taken for the purpose of getting the stenographer's longhand report of the evidence into the record, and it contains only such statements as are germane to the evidence, and such formal recitals as were necessary to incorporate the stenographer's report in the record. The rule is that where the bill of exceptions is taken solely for the purpose of incorporating the stenographer's report in the record, the original may be certified to this court by the clerk. It is to be observed, however, that this is the rule only where the purpose is that specified; in all other cases, the clerk must make a transcript of the original bill of exceptions. See authorities cited in Elliott App. Proc., section 822, note.

It is contended by the appellees that the specification in the motion for a new trial, based upon the overruling of a motion made by the appellant to strike out the testimony of certain witnesses, is ineffective, for the reason that it does not appear that the motion to strike out was seasonably made. This contention must be sustained. The record as it comes to us does not clearly show when the motion was made, but indicates that it was not made until the bill of exceptions was presented for signature. It does not, at all events, affirmatively show that it was made before the finding of the court was announced. Courts do not regard with favor motions to strike out evidence unless promptly made, for they are not willing to allow parties to take the chances of favorable responses to questions from the witnesses, and if disappointed, then move to strike out. In the case before us, it is quite clear that the record does not show such promptness in moving to strike out as the rule requires. Many of the courts hold that a motion to strike out evidence is one of favor and not of right, except where a sufficient reason is shown for not objecting to the admission of the evidence. It is well agreed that the failure to promptly interpose such a motion is fatal. See authorities cited in El-

liott App. Proc., section 772, note 2. In this instance the motion was not made at the proper time, for, going beyond the rule and giving the record the most favorable construction to the appellant, the motion appears not to have been made until after the close of the evidence, and this was too late, as there is nothing excusing or explaining the delay.

Judgment affirmed.

Filed June 7, 1892; petition for a rehearing overruled Sept. 15, 1892.