No. 1,458.

## BILBY *v.* ELLIOTT ET AL.

BILL OF EXCEPTIONS.—*How Made Part of Record.—Copy.—Clerk's Certificate.*—The clerk of the court cannot, under section 638, R. S. 1894, properly make the bill of exceptions a part of the transcript on appeal by simply inserting the original bill in the transcript, but only by copying the same therein and certifying to it as being a copy of such original bill.

From the Fayette Circuit Court.

*Florea & Broaddus,* for appellant.

*McKee, Little & Frost,* for appellees.

ROSS, J.—The appellant filed his complaint in two paragraphs against the appellees, as partners, to recover for wheat sold and delivered by him to them, and to recover the value of wheat stored with them, which he alleges they refused to deliver up to him on demand therefor. Upon a trial by jury, a verdict was returned in favor of the appellees, and the court, after overruling a motion for a new trial, interposed by appellant, rendered judgment on the verdict.

The only specification of error assigned questions the correctness of the court's ruling in overruling the motion for a new trial.

All of the questions, which arise under the specification of error assigned, require a consideration of the evidence given on the trial of the cause, and we are confronted with the contention of the appellees that the evidence is not properly in the record, hence cannot be considered.

The transcript filed in this cause is certified to by the clerk of the court below as containing a "true, full and

complete transcript of all the record entries made, as well as the pleadings filed" in the cause, "as the same appears on record or on file" in his office. Preceding this certificate is what purports to be a bill of exceptions containing the evidence given on the trial; the instructions given by the court to the jury, and certain instructions tendered by appellant and refused by the court.

Shortly after the filing of the transcript with the clerk of this court the appellees applied for a writ of *certiorari* to require the clerk of the court below to certify to this court the original bill of exceptions filed in the cause. In support of, and in opposition to, this motion, several affidavits were filed, from which it appears that one Josie B. McKee took down in short-hand, the evidence introduced on the trial, and that she transcribed such evidence into longhand, which appellant's counsel embodied in a bill of exceptions which was signed by the court within the time allowed for the filing thereof. No other bill of exceptions containing or purporting to contain the evidence was ever filed. It also appears that the longhand manuscript inserted in the transcript is the original longhand manuscript furnished by said Josie B. McKee, which was embodied in the bill of exceptions when signed. It nowhere appears in the record that Josie B. McKee was the official stenographer of the court or that as such she took down the evidence introduced on the trial of the cause. Neither does it appear that such longhand manuscript of the evidence was ever filed with the clerk as provided by section 1410, R. S. 1881 (section 1476, Burns Rev. 1894), nor does the clerk certify that the evidence inserted in the transcript is the original longhand manuscript.

Counsel for appellant, however, say that in this case "there was no official reporter, and consequently no

attempt to get the evidence in the record under the official reporter act."

When the evidence is made a part of the record under section 626, R. S. 1881 (section 638, Burns Rev. 1894), the clerk cannot make such bill properly a part of the transcript on appeal simply by inserting the original bill in the transcript, but it can be made a part of such transcript so as to present any question arising thereon for consideration, only by being copied by the clerk therein and certified to as being a copy thereof. When the original bill, filed under section 626, *supra*, is certified to this court, it cannot be considered. *Gish* v. *Gish*, 7 Ind. App. 104.

Judgment affirmed.

Filed January 7, 1896.