## CAMPBELL *v.* STATE OF INDIANA.

[No. 22,281. Filed February 13, 1913.]

1. APPEAL.—*Waiver of Error.—Briefs.*—Errors assigned, but not discussed in appellant's brief, are waived. p. 241.
2. APPEAL.—*Record.—Bill of Exceptions.—Certification.—Original Papers.*—No document or paper can be certified by the clerk, without copying, except the bill of exceptions containing the evidence, with the rulings of the court as to the admission and rejection thereof, and to the competency of witnesses, and objections and exceptions thereto. p. 241.
3. APPEAL.—*Bill of Exceptions.—Matters not Properly Included.*—All matters improperly included in an original bill of exceptions containing the evidence must be treated as surplusage and disregarded. p. 241.
4. APPEAL.—*Record.—Matters Not in Record.—Instructions Included in Bill of Exceptions.*—Instructions to the jury are no part of the record on appeal when they are included in an original bill of exceptions made part of the transcript. p. 242.

From Criminal Court of Marion County (40,730); *John W. Holtzman,* Judge *Pro Tem.*

Prosecution by the State of Indiana against John Campbell. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Dan Brown, Jr.,* and *Taylor E. Groninger,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

ERWIN, J.—This was a prosecution by the State of Indiana against John Campbell, filed in the city court of Indianapolis on the 7th day of June, 1912, where a judgment

against appellant was rendered. Appellant appealed to the criminal court of Marion County, where a trial was had beginning July 13, 1912, resulting in conviction of appellant. A motion for a new trial was filed, which was, by the court, overruled and an appeal prayed to this court.

The assignment of errors in this court presents but one question, and this is, that the court erred in overruling appellant's motion for a new trial. The motion for a new trial contains four reasons, as follows: (1) That the verdict of the jury is not sustained by sufficient evidence. (2) That the verdict of the jury is contrary to law. (3) Error of law occurring at the trial in this, to wit: that the court erred in giving of its own motion instruction No. 7. (4) Error of law occurring at the trial in this, to wit: that the court erred in giving of its own motion instruction No. 8.

The first and second causes for a new trial are waived by appellant for failure to discuss them in his brief. The mere statement of errors presents no question. *American*

1. *Food Co.* v. *Halstead* (1905), 165 Ind. 633-635, 76 N. E. 251. The appellant seeks to present the further question in this court, that the trial court erred

2. in giving instructions Nos. 1 and 8. The Attorney-General in his brief contends that the instructions are not properly in the record, for the reason that the precipe for record asks that the original bill of exceptions containing the instructions be certified to this court; and the clerk without copying, certifies the original bill of exceptions containing the instructions. We are of the opinion that no question is presented to this court on these instructions, for the reason that no document or paper can be certified by the clerk, without copying, except bill of exceptions containing the evidence, with the rulings of the court as to the admission and rejection thereof, and to the competency of

3. witnesses, and objections and exceptions thereto. Any other matters contained in such original bill must,

under the authorities, be treated as surplusage and be disregarded. *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339; *Williams* v. *State* (1908), 170 Ind. 644, 85 N. E. 349; *Curless* v. *State* (1909), 172 Ind. 257, 269, 87 N. E. 129, 88 N. E. 339; §657 Burns 1908, Acts 1897 p. 244; *Mc Coy* v. *Able* (1892), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453; *Falvey* v. *Jackson* (1892), 132 Ind. 176, 31 N. E. 531; *Holt* v. *Rockhill* (1896), 143 Ind. 530, 40 N. E. 1090; *Bilby* v. *Elliott* (1895), 14 Ind. App. 98, 42 N. E. 654; *Stark* v. *Owens* (1896), 16 Ind. App. 345, 45 N. E. 194.

Instructions to the jury are no part of the record on appeal when they are included in an original bill of exceptions and made part of the transcript. *Leach* v. *Mattix* 4. (1897), 149 Ind. 146, 48 N. E. 791; *Adams* v. *State* (1901), 156 Ind. 596, 59 N. E. 24; *Baut* v. *Donly* (1903), 160 Ind. 670, 67 N. E. 503; *Hamilton* v. *Estate of Hamilton* (1901), 26 Ind. App. 114, 59 N. E. 344; *Getchel* v. *Chicago Junction R. Co.* (1902), 29 Ind. App. 410, 64 N. E. 618; *Sharp* v. *State* (1903), 161 Ind. 288, 68 N. E. 286; *City of Michigan City* v. *Phillips* (1904), 163 Ind. 449, 71 N. E. 205.

While no question is presented by the record on the first and second causes for a new trial, we have read the entire record in this cause, including the evidence, and are convinced that the finding of the jury is fully warranted by the evidence. Without expressing any opinion as to whether instructions Nos. 7 and 8 properly state the law (for in the condition the record is presented here, we are not required to pass upon the instructions), we are of the opinion that the trial was a fair one and that the appellant has no grounds of complaint, and that a just conclusion has been reached by the trial court.

Judgment is affirmed.

NOTE.—Reported in 100 N. E. 755. See, also, under (1) 12 Cyc. 886; (3) 12 Cyc. 849; (4) 12 Cyc. 844. As to waiver of right of appeal, see 13 Am. Dec. 546. As to writs of error, their scope and effect, see 91 Am. Dec. 193.