## MENO ET AL. *v.* STATE OF INDIANA.

### [No. 23,098. Filed January 3, 1917.]

1. APPEAL.—*Waiver of Error.*—*Briefs.*—Assignments of error which are unsupported in appellant's brief by either authority or argument are waived. p. 6.

2. APPEAL.—*Review.*—*Instructions.*—*Briefs.*—*Failure to State Evidence.*—Even though the evidence has been brought into the record, but no attempt has been made to state it in appellant's brief, the Supreme Court must consider the instructions, in determining the correctness of the rulings of the trial court thereon, in the light of any evidence admissible under the issues, since it will not look to the record to reverse a judgment. p. 6.

3. APPEAL.—*Review.*—*Instructions.*—*Briefs.*—*Failure to State Evidence.*—*Questions Presented.*—Where objections to the giving and the refusal of instructions are based wholly on their relation to the evidence, their sufficiency may not be determined in the absence of a proper statement of the evidence in appellant's brief. p. 6.

4. APPEAL.—*Waiver of Error.*—*Briefs.*—*Evidence.*—*Admissibility.*—*Sufficiency.*—Where appellant's brief contains no statement of the evidence, although it has been brought into the record, all questions as to the admissibility of the evidence and the sufficiency thereof to sustain the verdict are waived. p. 6.

5. CRIMINAL LAW.—*Trial.*—*Instruction.*—*Punishment.*—In a prosecution for keeping a place where intoxicating liquors were sold in violation of §8351 Burns 1914, Acts 1907, p. 689, instruction No. 1a set out that part of such section on which the prosecution was based—in which it is provided that on conviction the defendant shall be fined in any sum not less than $50 nor more than $500, to which the court or jury trying the case shall add imprisonment in the county jail of not less than thirty days nor more than six months—while instruction No. 34 related to the form of the verdict and authorized the jury, in case they should find the defendant guilty and should deem a fine and imprisonment in the Indiana State Farm to be the proper penalty, to fix in their verdict the amount of such fine and the length of time of such imprisonment, another instruction having been given setting out in substance the provisions of §9926h Burns 1914, Acts 1913 p. 660, which authorizes the commitment to the Indiana State Farm of persons convicted of the violation of criminal laws for which the punishment shall include imprisonment in the county jail for more

than sixty days,—*Held* that such instructions were not erron-
eous and that, since instruction No. 34 merely indicates a form
of verdict which includes imprisonment for more than sixty
days, instructions 1a and No. 34 are not inconsistent and con-
tradictory.   p. 7.

6.  CRIMINAL LAW.—*Trial.—Verdict.*—In a prosecution of four
defendants for keeping a place where intoxicating liquors were
sold in violation of §8351 Burns 1914, Acts 1907 p. 689, the jury's
verdict finding each defendant guilty and fixing the punishment
of each at a fine of $400 and imprisonment for 150 days at the
State penal farm was not contrary to law because the aggregate
amount of the fines and the total time of the terms of imprison-
ment exceeded the maximum penalty fixed by the statute on
which the prosecution was based, since the number of defend-
ants is immaterial, and every person convicted of a violation of
such statute may receive the maximum penalty.   p. 8.

7.  CRIMINAL LAW.—*Appeal.—Questions Presented for Review.—
Instructions.—Briefs.*—The bare assertion in appellant's brief
that certain instructions are erroneous presents no question for
review.   p. 8.

8.  CRIMINAL LAW.—*Appeal.—Review.—Motion for New Trial.—
Misconduct of Juror.*—In a criminal prosecution where a new
trial was sought on account of alleged misconduct on the part
of one of the jurors, and the record shows that the charge made
against him was met by a counter affidavit, an issue of fact was
raised on which the decision of the trial court was final.   p. 8.

9.  CRIMINAL LAW.—*Appeal.—Record.—Misconduct of Counsel.—
Presentation for Review.*—No question is presented for review
on appeal as to an alleged improper statement of counsel for the
State made during the trial of a criminal case, where such
statement appears only in the general bill of exceptions con-
taining the evidence.   p. 8.

From   Lawrence   Circuit   Court;   *Oren   O.   Swails,*
Judge.

Prosecution by the State of Indiana against John
Meno and others.   From a judgment of conviction,
the defendants appeal.   *Affirmed.*

*Boruff & Boruff* and *John H. Underwood,* for appel-
lants.

*Evan B. Stotsenburg,* Attorney-General, and *Thomas
H. Branaman,* for the State.

SPENCER, J.—Appellants have been tried and found guilty of keeping a place where intoxicating liquors were sold in violation of §8351 Burns 1914, Acts 1907 p. 689, and have appealed from the judgment of conviction.

The first assignment of error questions the action of the trial court in overruling appellants' motion to quash the indictment; but as this assignment is unsupported in appellants' brief by either authorities or argument, its consideration is waived. *Campbell* v. *State* (1912), 179 Ind. 240, 100 N. E. 755.

The remaining assignments seek to present alleged error of the circuit court in overruling appellants' separate and several motion for a new trial. Contention is first made that certain of the instructions given contain incorrect statements of law and that others, tendered by appellants, were improperly refused. Although the evidence has been brought into the record, no attempt to state the same in appellants' brief has been made, and, as this court will not look to the record to reverse a judgment, we must consider the instructions in the light of any evidence which was admissible under the issues. Since the objections urged against instructions Nos. 10 and 18, given at the request of the State, and to the refusal of instructions Nos. 26 and 28, tendered by appellants, are based wholly on their relation to the evidence given at the trial, their sufficiency may not be determined in the absence of a proper statement of that evidence in appellants' brief. For the same reason, all questions as to the admissibility of evidence and as to the sufficiency of the evidence to sustain the verdict are waived.

The objection urged against instruction No. 1a, given at the request of the State, and instruction No. 34, given

by the court on its own motion, is that they are inconsistent and contradictory. Instruction 1a sets out that part of section 8351 Burns 1914, *supra,* on which the prosecution is based, and in which it is provided that, on conviction, the defendant "shall be fined in any sum not less than fifty ($50.00) dollars and not more than five hundred ($500.00) dollars, to which the court or jury trying the case shall add imprisonment in the county jail of not less than thirty days nor more than six months." Instruction No. 34 relates to the form of the verdict and authorized the jury, in case they should find the defendants guilty and should deem a fine and imprisonment in the Indiana State Farm to be the proper penalty, to fix in their verdict the amount of such fine and the length of such imprisonment. Instruction No. 34, however, is singled out from several instructions which relate to the form of verdict and when the charge is considered as a whole the objection urged must be recognized as trivial. Instruction No. 32 sets out in substance the provisions of §9926h Burns 1914, Acts 1913 p. 660 *et seq.,* which authorizes the commitment to the Indiana State Farm of persons convicted of the violation of criminal laws, for which the punishment should include imprisonment in the county jail for more than sixty days, and instruction No. 34 does no more than to indicate a form of verdict which should include that penalty. Instruction No. 33 provided a similar form for use in case imprisonment in the county jail for sixty days or less was determined to be the proper punishment, and other instructions provided for verdicts of acquittal and for varying degrees of guilt. There was no error in any of these instructions.

Nor is there any merit in appellants' contention that the verdict is "contrary to law because it fixes a fine of

$1,600 and imprisonment for six hundred days" as punishment for the violation of a statute which provides a lesser punishment as the maximum penalty. The verdict was, "We the jury find the defendants each guilty as charged in the indictment, and fix the punishment of each at a fine of $400.00 and imprisonment in the Indiana State Farm for 150 days." Each of the four defendants was found guilty and sentenced to pay a fine of $400 and to serve 150 days at the penal farm. The number of defendants is of no importance, however, for every person convicted of a violation of law may receive the maximum penalty if his triers so decree.

As against other instructions given by the court the bare assertion is made that they contain error, but no question is thus presented for review. *Bonnel* v. *Shirley* (1892), 131 Ind. 362, 31 N. E. 64.

Finally, it is claimed that a new trial should have been granted on account of alleged misconduct on the part of counsel for the State and on the part of one of the jurors who tried the case, but appellants' statement of the record contains no reference to either of these matters except as they are mentioned in the motion for a new trial. Furthermore, it appears from the record itself that the charge made against the juror in question was met by a counter affidavit which raised an issue of fact on which the decision of the trial court is final (*Thain* v. *State* [1914], 182 Ind. 345, 349, 106 N. E. 690), and that the statement of counsel to which objection is urged may be found only in the general bill of exceptions containing the evidence. *McPherson* v. *State* (1912), 178 Ind. 583, 586, 99 N. E. 984; *Heath* v. *State* (1909), 173 Ind. 296, 300, 90 N. E. 310, 21 Ann. Cas. 1056.

No error appearing, the judgment of the trial court is affirmed.

NOTE.—Reported in 114 N. E. 689. Criminal law: reversal of conviction because of unfair or irrelevant argument or statements of fact by prosecuting attorney, 46 L. R. A. 641, 34 L. R. A. (N. S.) 811; validity of sentences in apparent excess of the maximum, 55 Am. St. 267. See under (6) 12 Cyc 689; (7) 12 Cyc 875; (8) 12 Cyc 908; (9) 12 Cyc 844.