## FIDELITY PHENIX FIRE INSURANCE COMPANY OF NEW YORK *v.* PURLEE ET AL.

[No. 23,764.  Filed January 27, 1922.  Appellee's petition for rehearing denied and opinion modified May 18, 1922.]

1.  APPEAL.— *Review.— Harmless Error.— Ruling on Motion to Strike Out.*—Refusal to strike out mere surplusage from a pleading is not reversible error.  p. 107.

2.  DISMISSAL AND NONSUIT. — *Motion to Dismiss. — Exhibits Filed with Complaint.*—Proofs of loss, filed as exhibits with the complaint in an action on a fire insurance policy, are not the foundation of the action and do not constitute a part of the complaint, so that a motion to dismiss cannot be based on statements made in such proofs.  p. 109.

3.  APPEAL.—*Review.—Ruling on Demurrer.—Waiver of Objections.—Failure to Specify in Memorandum.—Statutes.*—Under §344, cl. 6,. Burns 1914, Acts 1911 p. 415, all objections to the sufficiency of a complaint not specified in the memorandum accompanying the demurrer are waived.  p. 109.

4.  APPEAL.—*Review.—Evidence.—Motion to Strike Out.—Failure to Object to Evidence.*—It is not error to overrule a motion to strike out evidence after it has been introduced without objection or exception.  p. 110.

5.  APPEAL.—*Presenting Questions for Review.—Motion to Strike out Part of Written Instrument.—Identification.*—To be available on appeal, a motion to strike out part of a written instrument introduced in evidence must designate the part to be stricken out in a manner intelligible to the court on appeal, and it is not sufficient to merely refer to pages and lines of the instrument, which are not preserved in copying it into the instrument.  p. 110.

6.  TRIAL.—*Instructions.—Invading Province of Jury.—Direction as to Allowing Interest on Claim for Fire Loss.*—In an action on a policy of fire insurance, where there was some evidence tending to prove that plaintiff did not furnish proofs of loss, so as to mature his claim, until a certain date, and that the loss was not payable until sixty days from proof, an instruction, fixing the date of proof for computation of interest at an earlier date than shown by such evidence, was erroneous, as invading the province of the jury.  p. 110.

7.  CONSTITUTIONAL LAW.—*Insurance.—Determination of Loss.— Liability for Attorney Fees. — Statute. — Validity. —* Section 4622g Burns 1914, Acts 1911 p. 525, providing a method for determining loss in case of insurance against fire, lightning, or tornado, and, if that method fails for a stated reason, au-

thorizing an action to recover the loss sustained, with reasonable attorney fees, is unconstitutional on the ground, that it is a mere arbitrary selection of subjects of legislation, in violation of Art. 14, §1 of the Constitution of the United States and Art. 1, §23, of the Constitution of Indiana. p. 111.

From Orange Circuit Court; *James S. Tucker,* Judge.

Action by William H. Purlee and others against the Fidelity Phenix Fire Insurance Company of New York. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Burke G. Slaymaker, Arthur McCart* and *Hottel & Mead,* for appellant.

*Shirts & Talbot* and *Mitchell & Mitchell,* for appellees.

EWBANK, C. J.—Appellee sued on a policy of fire insurance issued by the appellant, and recovered a verdict "on the policy of insurance in the sum of $1,992.37, and the further sum of $500.00 attorney fees," on which a judgment was rendered for said amounts. Appellant duly filed its motion for a new trial and reserved an exception to the order overruling it, filed its bill of exceptions within the time allowed by the court, and perfected a term appeal. It has assigned as error the overruling of its demurrer to the complaint, and of each of its motions to dismiss the action, to strike out parts of the complaint, and for a new trial, respectively.

The matter sought to be struck out of the complaint, if surplusage as counsel insist, was not of a character to rouse passion or prejudice, and a refusal to strike

1. out mere surplusage from a pleading is not reversible error. *Woodhams* v. *Jennings* (1905), 164 Ind. 555, 556, 73 N. E. 1088; *Ohio Valley Truck Co.* v. *Wernke* (1912), 179 Ind. 49, 54, 99 N. E. 734. The complaint set out the policy as the foundation of the alleged cause of action, alleged that it was executed by appellant for a consideration paid by appellees, that it

covered a period between two named dates, and that on October 21, 1918, within that period and while said insurance was in full force and effect, the insured property was "destroyed or damaged by fire" to an amount named; that it was at that time of a value more than double the face of the policy, and that appellees had "duly performed all the conditions of the said policy on their part to be performed;" that on December 18, 1918, appellees made out and delivered to appellant proofs of loss, but that appellant refused payment, and "thereafter," at the request of appellant, the appellee submitted an amended proof of loss. (These proofs were each filed as exhibits, but on appellant's motion were struck out of the pleading.) The policy sued on, as filed with the complaint, contained a provision that in case of a disagreement as to the amount of the loss such amount should be fixed by appraisers, one to be named by each side, and an umpire chosen by the two thus selected, and that "the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when an appraisal has been required." And the complaint alleged "that proper appointments of appraisers were made by appellee and appellant, but that said appraisers on each occasion failed to agree upon the amount of loss or upon an umpire to determine said loss." Nothing was alleged as to the date when the appraisers were appointed, nor concerning a "disagreement as to the amount of loss," nor when it occurred, if there was a disagreement, nor when the amended proofs of loss were furnished, except that it was after the original proofs were furnished on December 18, 1918.

This action was commenced by filing the complaint on February 18, 1919, which was 120 days after the fire, and sixty-two days after the alleged date when the com-

plaint states that the appellee made out and delivered to appellant the proof of loss and appellant refused payment.

Appellant filed a motion to dismiss, which purported to be based on certain statements contained in the "proofs of loss," filed as exhibits with the complaint. But the action was not "founded on" those instruments, and therefore they did not constitute any part of the complaint, as the court afterward ruled in striking them out on appellant's motion. §368 Burns 1914, §362 R. S. 1881; *Aldrich* v. *Amiss* . (1912), 178 Ind. 303, 99 N. E. 419. Disregarding these "exhibits" the complaint did not disclose any of the facts relied on by appellant as cause for dismissing the action, and it is not necessary to consider the question whether or not the motion would have been well founded if those facts had appeared.

Appellant's demurrer to the complaint for alleged failure to state facts sufficient to constitute a cause of action was supported by a memorandum of points based chiefly upon what appeared from the same exhibits, afterward struck out, and for the reasons stated it was not well taken as to those points. The general averment that appellees had "duly performed all the conditions of the said policy on their part to be performed" made it sufficient as against all the objections suggested in the memorandum, and all others were waived by appellant's failure to specify them. §344, cl. 6, Burns 1914, Acts 1911 p. 415; *State, ex rel.* v. *Bartholomew* (1911), 176 Ind. 182, 185, 95 N. E. 417.

The statement of the case in appellant's brief recited that "it was agreed in open court by the parties that plaintiffs (appellees) gave notice of loss at the time and in the manner required by the policy," and that "proper notice of the appraisal" had been given by each party to the other. There was no plea in abatement,

but issue was joined by an answer of denial, and by a reply of denial to a second paragraph of partial answer which alleged that appellee and appellant made a settlement and agreed that the amount of appellee's loss and damage was $79.60, and that because of such settlement and agreement appellee was only entitled to recover that amount.

A letter from appellant to the appellee was read in evidence without objection, but there is nothing in the transcript to show how that letter was paged 4, 5. nor how it was divided into paragraphs, nor what part of it appeared on the first page. After it had been read without objection an attorney for appellant moved to strike out that part of the letter "which begins with the fourth paragraph on the first page * * * down to the signature * * * on the second page," for a reason stated.

But it is not error to overrule a motion to strike out evidence after it has been introduced without objection or exception. *Newlon* v. *Tyner* (1891), 128 Ind. 466, 469, 27 N. E. 168; *Cleveland, etc., R. Co.* v. *Wynant* (1893), 134 Ind. 681, 694, 34 N. E. 568; *Eckman* v. *Funderburg* (1915), 183 Ind. 208, 213, 108 N. E. 577; *Scottish, etc., Ins. Co.* v. *Linkenhelt & Co.* (1919), 70 Ind. App. 324, 331, 121 N. E. 373. Besides, to be available on appeal, a motion to strike out part of a written instrument must designate the part to be stricken out in a manner intelligible to the court to which the appeal is taken, and not by mere references to pages and lines of the instrument which are not preserved in copying it into the transcript.

There was some evidence tending to prove that appellee did not furnish sufficient proof of his loss, so as to mature his claim, until December 28, 1918, and 6. that under a provision contained in the policy the loss was not payable until sixty days from that

date. Under the issues joined this evidence did not tend to defeat a recovery by appellee for the amount of the loss, but it tended to prove that appellant was not in default, so as to be chargeable with interest, until February 26, 1919. The court gave an instruction asked by the appellee as follows: "You are instructed that the plaintiff is entitled to recover six per cent. interest on the amount of loss and damage sustained, same to be computed from the time of demand, which is sixty days from the date of the fire on October 21, 1918." This instruction invaded the province of the jury. It could be understood only as a binding direction to allow interest on any damages awarded from a date sixty days after October 21, 1918, which would be from December 20, 1918, while if appellant's evidence were believed the claim would not become in default so as to draw interest until February 26, 1919, sixty-seven days later. A slight mathematical calculation shows that in sixty-seven days $1,970.37 will earn $22 interest, so as to amount to the sum named in the verdict as damages, and it is fair to assume that this instruction caused the jury to add $22 to the verdict they might have returned under proper instructions.

In several different ways the appellant has challenged that part of the verdict which awarded an attorney fee of $500 to the appellees, and in support of its contention that this was error appellant denies the constitutionality of the provision of the act of 1911 (§4622g Burns 1914, Acts 1911 p. 525) that where an insurance policy insures against loss and damage from fire, lightning, or tornado, and a loss occurs, and upon proof of loss being made the parties fail to agree upon the amount of the loss, and appraisers are appointed, if they disagree and fail to select an umpire within a time stated, "then two other competent and disinterested appraisers shall be named * * * and

upon failure to select such second umpire within the time specified, the insured shall have a right to institute suit to recover any loss sustained under such policy, with reasonable attorney's fees."

This statute applies only to insurance against loss and damage by fire, lightning and tornado, and not to insurance against any other of the many kinds of loss against which policies are issued. Thus if the same insurance company, by the same policy, should insure five different buildings owned by the same person, against loss and damage occasioned by wind, lightning, fire, flood and hail, and all should be damaged at the same time, in a single storm, the statute might apply to the insurance on part of them, and not to the policies covering the others. If lightning struck one of the buildings and set it on fire, and the fire spread to another building, both of them would be within the terms of the statute, as being damaged by lightning and fire. But if a third building was damaged by hail, and a fourth by flood waters, at the same time in the same storm, those losses would not be covered by the statute. And if the fifth building was blown down or damaged by wind, legal construction might be necessary to determine whether the wind storm was of the velocity and character of a tornado. If three buildings on the same street were covered by the same or like policies, insuring against loss and damage by fire, by sprinkler leakage, and by explosion, and an explosion should damage two of them and be followed by a fire in one of them, and while the water pipes were carrying extra pressure because of such fire the sprinklers in the third building should leak, only one of the three would be within the terms of the statute. Neither the loss occasioned by the explosion in the building that did not take fire, nor the loss occasioned by leakage of the sprinkler would be governed by it. The statute does not apply to insurance against loss or damage

by burglary, theft, riot or civil commotion, marine disasters or railway casualties, or the breaking of plate glass or fly wheels, or to any of the many hazards against which insurance policies are issued, except fire, lightning and tornadoes.

A classification of subjects of legislation as to the method by which the amount of any loss occasioned by fire, lightning or tornado shall be ascertained, and as to when and under what circumstances the insurer shall be compelled to pay attorney fees, in addition to the amount of the loss, which excludes from the provisions of the statute all losses occasioned by any and all other causes, and all insurance against all other hazards, does not rest upon a reasonable basis but is a mere arbitrary selection of subjects for legislation, forbidden by the Constitutions of Indiana and of the United States. Art. 14, §1, U. S. Constitution; Art. 1, §23, Indiana Constitution. *Cleveland, etc., R. Co.* v. *Schuler* (1914), 182 Ind. 57, 105 N. E. 567; *School City of Rushville* v. *Hayes* (1903), 162 Ind. 193, 70 N. E. 134.

Because of the errors above pointed out the judgment is reversed.