SHEPTAK, BY NEXT FRIEND *v.* DAVIS.

[No. 30,745. Filed March 26, 1965. Rehearing denied May 17, 1965.]

*Walter Nowicki, Edward J. Raskosky,* and *George Kohl,* of Hammond, for appellant.

*Fred F. Eichhorn, Jr.,* of Hammond, for appellee.

LANDIS, J.—This cause reaches us on petition to transfer from the Appellate Court under Rule 2-23 of this Court, the majority and dissenting opinions of the Appellate Court appearing in 194 N. E. 2d 809, 814.

The appeal stems from an order of the trial court sustaining appellee's motion for new trial subsequent to a jury's verdict and a judgment of the court in the amount of $11,000.00 in a personal injuries case. The appeal is authorized by Burns' §2-3201(b) (1964 Supp.).[1]

The record here affirmatively discloses that the trial court granted a new trial because of its alleged error in failing to give defendant's-appellee's tendered instructions Nos. 24, 26, 30 and 31, and we have therefore before us the question of whether the refusal to give such instructions was error for which the court below could properly have granted a new trial.

The facts necessary for a consideration of this case are as follows:

Richard Sheptak, a minor 13 years of age, was injured when the bicycle he was riding was involved in

---

1. Acts 1959, ch. 25, §1, p. 75.

a collision with an automobile driven by appellee. Sheptak was riding the bicycle on the sidewalk in the city of Gary, Indiana, in a westerly direction on the south side of Sixth Avenue and had entered an intersection of said sidewalk and a north and south alley, when defendant-appellee operating her automobile in a northerly direction in said alley also entered said intersection, and collided with the bicycle ridden by Sheptak. At the southeast corner of said intersection was a building obstructing the view of persons proceeding toward the intersection from the east and south.

The instructions here in issue which the trial court refused to give to the jury were as follows:

### "INSTRUCTION No. 24

"I instruct you that a bicycle is a vehicle and is to be operated in accordance with the rules and regulations applicable to motor vehicles."

### "INSTRUCTION No. 26

"You are instructed it was the Law of the State of Indiana on the 16th day of June, 1956, that:

" 'Every bicycle shall be equipped with a brake which will enable the operator to make the braked wheels to skid on dry, level, clean pavement.'

"So if you find from a preponderance of all of the evidence in this case that the plaintiff violated this Statute and that such violation was a proximate or the proximate cause of the alleged injuries to the plaintiff, and if you find that the plaintiff failed to exercise such care for his own safety as would ordinarily be exercised by children of like age, capacity and experience under the facts, circumstances and conditions disclosed by the evidence in violating this Statute he was guilty of contributory negligence."

### "INSTRUCTION No. 30

"It was the law of the State of Indiana on the 16th day of June, 1956, as follows:

" 'No person shall ride a bicycle unless it is equipped with a bell or other device capable of

giving a signal audible for a distance of at least 100 feet, except that no bicycle shall be equipped with, nor should any person use upon a bicycle any siren or a whistle.'

"So if you find from a preponderance of all of the evidence that the plaintiff operated his bicycle in violation of this Section of the law of the State of Indiana, and in so doing failed to exercise such care for his own safety as would ordinarily be exercised by children of like age, capacity and experience under the facts, circumstances and conditions disclosed by the evidence, and that the violation of said statute was a proximate cause or the proximate cause of the alleged injury to the plaintiff, then the plaintiff was guilty of contributory negligence and can not recover from the defendant."

INSTRUCTION No. 31

"I instruct you that on the 16th day of June, 1956 the law required the operator of a bicycle to drive his bicycle upon the right half of the roadway on all roadways of sufficient wideth.

"If you find from all the evidence that the plaintiff failed to comply with the law, and in so doing failed to exercise such care for his own safety as would ordinarily be exercised by children of like age, capacity and experience under the facts, circumstances and conditions, disclosed by the evidence, and that his failure to comply with this law, was a proximate or the proximate cause of the alleged injury to the plaintiff, then the plaintiff was guilty of contributory negligence and can not recover from the defendant."

These instructions were all predicated upon the provisions of the Motor Vehicle Act of 1939.[2]

Instruction No. 24 in our opinion was improper as it was based on an erroneous conception of the meaning of the statute. According to Burns' §47-1802(a) (1952 Repl.)[3] the legislative definition of "vehicle" is: "Every device . . . by which any person

2. Burns' §47-1801 (1952 Repl.), et seq., Acts 1939, ch. 48, §1, p. 289 et seq.

3. Acts 1939, ch. 48, §2, p. 289, 290.

. . . may be transported . . . upon a highway, except devices moved by human power . . ." Since a bicycle is a device moved by human power it is obviously not a vehicle within such definition. We are next, however, confronted with Burns' §47-1802(f) (1952 Repl.),[4] which ineptly used the word "vehicle" as it defines "bicycle" as: "Any foot-propelled *vehicle.* . . ." (Emphasis added.) If we are to make any sense out of the statute the word "vehicle" in this latter definition was not used with the same meaning as when mentioned in Burns' §47-1802(a), *supra,* as otherwise the statute would be unintelligible. We must conclude therefore that a bicycle was not a vehicle as the term vehicle was defined in the statute and the tendered instruction stating it was a vehicle was therefore erroneous.

The instruction was further improper as it is apparent that a bicycle is not required to be operated without exception in accordance with the rules and regulations pertaining to *motor* vehicles, as such instruction would require. Burns' §47-2102 (1952 Repl.),[5] which is the only statute cited to us conceivably imposing such a requirement, provides that a person riding a bicycle upon a *roadway* is subject to certain provisions applicable to drivers of vehicles. However, this statute is not applicable to the case before us, among other reasons, as Sheptak was here riding his bicycle on the sidewalk which is not included within "roadway" [that portion of a highway used for vehicular traffic][6] as defined in the statute.

Instruction No. 26 related to contributory negligence in relation to the statute requiring every bicycle to be

4. Acts 1939, ch. 48, §2, p. 289, 290.

5. Acts 1939, ch. 48, §89, p. 289, 323.

6. Burns' §47-1814(c) (1964 Supp.), Acts 1939, ch. 48, §14, p. 289, 293; 1957, ch. 290, §1, p. 746.

equipped with a brake. This instruction was clearly improper as there was no evidence whatever as to whether the bicycle was equipped with a brake or not, and the burden of proof of contributory negligence was on the defendant. 21 West's I. L. E., Negligence, §165, p. 405.

Instruction No. 30 is a mandatory instruction concerning contributory negligence in the violation of the statute requiring a bicycle to be equipped with a bell or other device [not a siren or whistle] capable of giving a signal audible for 100 feet. We fail to see how this instruction was applicable to the evidence. There was no evidence defendant listened for signal warnings as she approached the obstructed intersection or that she could have heard a warning by an ordinary bicycle bell, had Sheptak given one, as he approached from the other side of the building obstruction. Contributory negligence will not be presumed, and as above stated the burden of proof of such issue is on the defendant. 21 West's I. L. E., Negligence, *supra*.

Instruction No. 31 is another mandatory instruction pertaining to the statute requiring bicycles to be ridden on the right side of the roadway on roadways of sufficient width. It is again difficult for us to see how this is applicable to the case at bar, for under the statute the sidewalk is not a part of the roadway and the statute specifying what part of the roadway should be occupied by vehicles would obviously have no bearing upon bicycles ridden on sidewalks.

It is our opinion that each of the four instructions originally refused by the court below at the trial were improper instructions and the court correctly refused to give them to the jury. It must follow that the trial court erred in subsequently granting a new trial predicated upon its refusal to give the improper instructions.

The cause is remanded to the trial court with directions to overrule the motion for new trial.

Arterburn, C. J., and Myers, J., concur.

Achor, J., not participating.

Jackson, J., concurs with opinion.

### CONCURRING OPINION

JACKSON, J.—I concur in the result of the opinion written by Judge Landis. I think the crux of the matter before the court on the petition to transfer is found at the top of page 810 in North Eastern Reporter, Vol. 194, which sets forth the factual situation as follows:

> "Appellant, Richard Sheptak, a minor, thirteen years of age, was riding a bicycle in a westerly direction along the sidewalk on the south side of Sixth Avenue in the city of Gary, Indiana, and while in an intersection of said sidewalk with a certain public alley, known as Alley No. 2, and running generally north and south, appellee, operating her automobile in a northerly direction in said alley, likewise entered said intersection, and the two said vehicles collided, causing injuries to appellant, on account of which this action was commenced by the filing of a complaint, to which an answer was filed under Rule 1-3, thus putting the cause at issue."

From the facts so stated it could be argued that appellant was on the sidewalk or in the alternative that he was on or in the alley. In my opinion both of the parties at the time of the collision were in a position where they had a right to be and the only question to be determined is whether or not the appellant was guilty of contributory negligence.

The question of contributory negligence is one of proof and the burden is on the defendant to prove the plaintiff is guilty of such negligence, it is not presumed.

The questions raised by the instructions in question

are, in my opinion, not germane to the issues before the trial court as the Appellate Court opinion and the majority opinion do not show such instructions were proper.

NOTE.—Reported in 205 N. E. 2d 548.