CAROLYN LOUISE NORRINGTON, ADMINISTRATRIX OF THE ESTATE OF EDWARD JUNIOR NORRINGTON, DECEASED *v.* RALPH SMITH, CHARLES HENDRIX.

[No. 372A116. Filed December 12, 1972. Rehearing denied January 12, 1973. Transfer denied May 23, 1973.]

*Russell S. Armstrong*, Evansville, *Jack N. Cochran*, Sullivan, for appellant.

*Rabb Emison, Emison, Emison & Doolittle*, Vincennes, *George E. Taylor, Taylor & Taylor*, Sullivan, *James W. Funk, Kimmell & Funk*, Vincennes, for appellees.

ROBERTSON, P.J.—This is an action brought by the plaintiff-appellant, Carolyn Louise Norrington, as Administratrix of the estate of her deceased husband, Edward Junior Norrington, against the defendant-appellees, Drs. Ralph Smith and Charles Hendrix, partners in the practice of medicine, for the wrongful death of Mr. Norrington allegedly caused by the negligence of Dr. Smith in treating the decedent. A trial by jury resulted in a verdict in favor of the defendants and against the plaintiff. The trial court entered its judgment in accordance with the jury's verdict and subsequently overruled Mrs. Norrington's motion to correct errors.

The cause of decedent's death was a cerebral hemorrhage which Mrs. Norrington sought to prove was the result of a condition that had developed over a period of months and which, if properly diagnosed at an early stage, would have been amenable to treatment. According to the testimony of Mrs. Norrington, her husband had complained of repeated headaches for a period of seven to nine months prior to his death, and had voiced these complaints to Dr. Smith who diagnosed his condition as suffering from migraine headaches and prescribed medication for the same. It was this alleged diagnosis and treatment which Mrs. Norrington charged in her complaint was negligent on the part of defendant. Dr. Smith, who had treated Mr. Norrington for several years for a heart condition, testified that Mr. Norrington did not complain to him of repeated headaches, nor did he diagnose any headaches as migraine or treat Mr. Norrington for any such condition. This apparent conflict in the evidence was resolved by the jury and is not raised as an issue in this appeal. The two issues raised are:

1) Whether the trial court erred in refusing, upon motion of the plaintiff, to strike those portions of certain defense witnesses' testimony dealing with the alleged contributory negligence of the plaintiff's decedent;

2) Whether the trial court erred in giving to the jury over plaintiff's objections the court's Instructions Nos. 1 and 4 on the issue of contributory negligence.

As regards the first issue, it is contended on behalf of Mrs. Norrington that the testimony of four witnesses produced by the defendants was without probative value, was speculative, did not go to prove any of the issues by means of substantial evidence, and was entirely based on hearsay. The allegedly incompetent testimony was introduced by defendants in an effort to show that shortly before his death Mr. Norrington, during a barroom altercation, received a blow to his head and thereby contributed to the injury which caused his death.

The first of the four witnesses to testify stated that he was personally acquainted with the decedent and on the night in question accompanied him to the tavern where the alleged incident occurred. He further testified that he departed the establishment shortly after arriving while the decedent remained. The next witness testified that a man who was accompanied by the first witness, with whom she was acquainted, had become loud and was asked to sit down by the bartender. When the man continued to be loud he was asked to leave, and upon refusal to do so the bartender struck him with a club. The witness stated that at the time of the incident she did not know the identity of the man whom the bartender struck, but later learned through conversations with other people that it was Mr. Norrington. The two remaining witnesses testified to witnessing the same altercation between the bartender and a man whom they later learned, also through the statements of a third party, to be Mr. Norrington. It is Mrs. Norrington's contention that the preceding testimony should have been stricken from the record for the reasons that the testimony was predicated upon and sup-

ported by hearsay evidence establishing the identity of the person who was struck on the head as having been Mr. Norrington, and that there was no evidence of probative value connecting the testimony regarding the events which took place in the tavern with Mr. Norrington.

While it may be conceded that the witnesses' testimony as to how they learned the identity of the man struck in the tavern was based on hearsay, we are unable to agree ██ that the trial court committed reversible error in admitting that testimony. It is readily apparent upon examination of the record that trial counsel for Mrs. Norrington failed to timely object to the allegedly hearsay identification of Mr. Norrington. The only objection, other than those which were successful to this testimony came in the form of plaintiff's tendered Instruction A at the close of defendant's case-in-chief. The instruction would have advised the jury not to give consideration to any of the testimony relating to a blow received by the decedent to his head in the Top Hat Tavern, or any of the evidence based on that testimony. We are of the opinion that the court was correct in refusing this instruction. The request to give Instruction A, as is conceded by Mrs. Norrington, amounted to a motion to strike and as such it was not proper where there had been no timely objection to the evidence which was the subject of the motion. In *Wolf Produce and Transp. Co.* v. *Lang Trucking, Inc.* (1965), 136 Ind. App. 571, 203 N.E.2d 308, this court ruled upon an analogous situation as follows:

> "At the close of both plaintiff's and defendants' evidence, the defendants-appellants moved to strike the evidence tending to show that the occurrence was other than a collision. However, defendants never objected to the introduction of such evidence during the trial and the court properly overruled appellants' motion to strike the evidence."

Also see: *Zeigler* v. *Tipton Lumber Company* (1958), 128 Ind. App. 249, 147 N.E.2d 679; *Myers* v. *Sparks* (1926), 85

Ind. App. 342, 154 N.E. 39; *Spielman* v. *Herskovitz* (1922), 78 Ind. App. 131, 134 N.E. 909; *Fidelity, etc. Ins. Co.* v. *Purlee* (1922), 192 Ind. 106, 135 N.E. 385; *Eckman* v. *Funderburg* (1915), 183 Ind. 208, 108 N.E. 577; *Falvey* v. *Jackson, et al.* (1892), 132 Ind. 176, 31 N.E. 531.

In support of her motion to strike, Mrs. Norrington further argues that because the testimony as to the identity of the man struck in the tavern was founded on hearsay it was of no probative value. We are of the opinion that any issue as to the probative value of the testimony identifying Mr. Norrington as the man struck in the tavern went to the weight of the evidence and not the admissibility. This being the case, the court correctly ruled that it was a question of fact for the jury. It is a well settled rule of law in Indiana, that where incompetent evidence, hearsay or otherwise, is admitted without objection its probative value is for the trier of fact to determine notwithstanding such evidence might have been excluded if proper and timely objection had been made. *Kern* v. *State* (1957), 237 Ind. 144, 144 N.E. 705, *Chicago District, etc., Corp.* v. *Evans* (1946), 117 Ind. App. 280, 69 N.E.2d 627, *Klingler* v. *Ottinger* (1939), 216 Ind. 9, 22 N.E.2d 805.

The second issue raised by Mrs. Norrington relates to the giving to the jury over objection the court's Instructions Nos. 1 and 4, both of which treated the issue of contributory negligence. Argument is made on behalf of Mrs. Norrington, that the court erred in giving instructions on contributory negligence where there was no competent evidence on that issue. In support of this argument, the case of *Sheptak* v. *Davis* (1965) 246 Ind. 499, 205 N.E.2d 548, is cited for the proposition that the giving of an instruction on contributory negligence when there is no competent evidence on the matter in the record constitutes error. We have carefully read the *Sheptak, supra,* decision and have found no holding or statement as to the propriety of an instruction based on incompetent evidence. Indeed, *Sheptak, supra,* stands for the

proposition that an instruction on contributory negligence where there is no evidence on that issue is improper, however, it does not in any manner treat the issue of an instruction based on incompetent evidence. In the instant case, unlike *Sheptak, supra,* there was evidence before the jury on the issue of contributory negligence. That evidence consisted of the testimony of certain witnesses as to the altercation in the tavern and the identity of the man who was struck by the bartender. As heretofore discussed, the testimony was properly admitted into evidence without timely objection by Mrs. Norrington. If there had been no evidence or only improperly admitted evidence on the issue of contributory negligence it would have been error to so instruct the jury. However, the evidence which is now alleged to have been incompetent was nonetheless properly admitted without timely objection and properly before the jury. Accordingly, we cannot say, as a matter of law, that the court erred in instructing the jury on the issue of contributory negligence.

Finding no reversible error, the judgment is affirmed.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 290 N.E.2d 60.