602 A.2d 800

JORDAN GIBSON, AN INFANT BY HIS GUARDIAN AD LITEM, DALE GIBSON AND DALE GIBSON, INDIVIDUALLY, PLAINTIFFS, v. ARROWHEAD CONDITIONING COMPANY, INC., A NEW JERSEY CORPORATION, AND JOHN D'ADDARIO, DEFENDANTS.

Superior Court of New Jersey
Law Division, Somerset County

Decided October 24, 1991.

*Robert A. Scirocco,* for plaintiffs (*Einhorn, Harris, Ascher & Barbarito,* attorneys).

*Robert E. Ryan,* for defendants (*Connell, Foley & Geiser,* attorneys).

ARNOLD, P.J.Cv.

*N.J.S.A.* 39:4–14.1 provides that a person riding a bicycle shall be subject to all of the duties applicable to the driver of a vehicle. This lawsuit raises the novel issue of whether the statute is applicable to a person riding a bicycle on a sidewalk. For the reasons set forth below, this court concludes that the statute is not applicable.

On August 12, 1988, Jordan Gibson, age 11, was riding his bicycle in an easterly direction in the vicinity of East Main Street and North Gaston Avenue in Somerville, New Jersey. From the evidence adduced during trial, it is unclear whether Jordan Gibson was riding in the roadway on the north side of East Main Street or on the adjacent sidewalk. As he crossed North Gaston Avenue, Jordan Gibson was run over by a van driven by defendant, John D'Addario, which had crossed East Main Street from South Gaston Avenue. There is a dispute as to whether defendant or Jordan Gibson "had the green light." Jordan Gibson sustained massive injuries and his father, as guardian *ad litem,* has brought this action seeking money damages from defendant D'Addario and his employer, Arrowhead Conditioning Company.

Defendants allege that Jordan Gibson was negligent and that his negligence proximately caused the accident and his injuries. They requested that this court instruct the jury as to a number of motor vehicle statutes, arguing that the jury is entitled to consider a violation of each as either evidence of Jordan Gibson's negligence or constituting a finding that he was negligent. *See Eaton v. Eaton,* 119 *N.J.* 628, 575 *A.*2d 858 (1990). Defendants' request to charge was based on *N.J.S.A.* 39:4–14.1 which recites that:

> Every person riding a bicycle upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle by chapter four of Title 39 of the Revised Statutes and all supplements thereto except as to those provisions thereof which by their nature can have no application.

Specifically, defendants requested this court to instruct the jury that a violation of any of the following four statutes, which refer to the driver of a vehicle on a "roadway" or "highway," may be considered as either evidence of negligence or constituting a finding that Jordan Gibson was negligent.

*N.J.S.A.* 39:4–82 (Keeping to right);

*N.J.S.A.* 39:4–83 (Keeping to right at intersections; exception on one-way roadway);

*N.J.S.A.* 39:4–88 (Traffic on marked lanes);

*N.J.S.A.* 39:4–97 (Careless driving).

In addition, defendants requested that this court instruct the jury that if plaintiff violated *N.J.S.A.* 39:4–14.2 (Keeping to right; exceptions; single file) or *N.J.S.A.* 39:4–81 (Observing traffic signals) that the jury could consider such violation as evidence of negligence. See Model Jury Charge 5.18 (1971) entitled "Violation of Traffic Act: Evidence of Negligence."

The issue of whether Jordan Gibson should be considered the "driver of a vehicle" on a "roadway" or "highway" so as to make any of the first four mentioned traffic laws applicable to his conduct first arose during the trial when this court asked counsel whether the law applicable to this case was dependent on whether Jordan was riding his bicycle on the sidewalk or in

the roadway as he approached the intersection. Both counsel initially stated that it made no difference, but plaintiff's counsel later changed his position and stated that none of the four statutes applied.

Preliminarily, this court rejects defendants' implicit contention that it is unlawful to ride a bicycle on a sidewalk and that Jordan Gibson was required to ride his bicycle on East Main Street and conform his conduct to that applicable to the driver of a vehicle on a roadway or highway. From 1928 through 1951, *N.J.S.A.* 39:4–13 provided that it was unlawful to ride a bicycle on a sidewalk. That statute was repealed by *L.*1951, *c.* 23. *N.J.S.A.* 39:4–14.1 was enacted by that same law in 1951. Because *N.J.S.A.* 39:4–14.1 contains no such prohibition, it is clear that it is lawful to ride a bicycle on a sidewalk.

This court holds that none of the four statutes *N.J.S.A.* 39:4–82, –83, –88, –97, each of which speaks in terms of a "driver of a vehicle" on a "roadway" or "highway," is applicable unless defendant first proves by a fair preponderance of the credible evidence that Jordan Gibson was riding his bicycle to the south of the curb on East Main Street. Unless Jordan Gibson was riding his bicycle to the south of the curb he would neither be on the "roadway" nor on a "highway" as those terms are defined in *N.J.S.A.* 39:1–1, so that none of those statutes by their own terms would be applicable. Furthermore, this court also holds that *N.J.S.A.* 39:4–14.1 does not make these statutes applicable unless Jordan Gibson was riding to the south of the curb. There are two reasons for this holding. First, by its express terms *N.J.S.A.* 39:4–14.1 only applies to a "person riding a bicycle on a roadway." Second, although there is little legislative history available regarding *N.J.S.A.* 39:4–14.1, this court finds it inconceivable to conclude that the statute was intended to apply to a person riding a bicycle on a sidewalk. The Indiana Supreme Court in *Sheptak v. Davis*, 246 *Ind.* 499, 205 *N.E.*2d 548 (Sup.Ct.1965) reached

the same conclusion regarding a statute similar to *N.J.S.A.* 39:4–14.1 in a lawsuit involving a minor bicyclist.

Accordingly, since defendants allege that Jordan Gibson was negligent and that his negligence proximately caused the accident and his injuries, this court will instruct the jury that defendants have the burden of proving by a fair preponderance of the credible evidence that Jordan was riding his bicycle on the south side of the curb. This court will also instruct the jury that if defendant has proved this, then they should also consider whether defendant has proved by a fair preponderance of the credible evidence that Jordan Gibson violated any of the statutes: *N.J.S.A.* 39:4–82, –83, –88, –97, or –14.2 (which is specifically applicable to a person operating a bicycle on a roadway). Finally, the jury will be instructed that a violation of any of the statutes *N.J.S.A.* 39:4–82, –83, –88, or –14.2 is evidence of negligence, but that if it determines that Jordan Gibson violated *N.J.S.A.* 39:4–97, the careless driving statute, that constitutes a finding that he was negligent.

This court will also instruct the jury that if defendants have failed to prove by a fair preponderance of the credible evidence that Jordan Gibson was riding his bicycle to the south of the curb on East Main Street, then they should consider Jordan Gibson to be the equivalent of a pedestrian. This court will then instruct the jury that Jordan Gibson had a duty to make observations, as that duty is set forth in Model Jury Charge 5.18H. The word bicyclist will be substituted for the word pedestrian in that model jury charge. Finally, because there is an issue in this case as to whether Jordan Gibson or defendant had a green light, this court will instruct the jury regarding *N.J.S.A.* 39:4–81. That statute is applicable to both a pedestrian and the driver of a vehicle on a roadway or highway.